EKORB ASSOCIATES, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 49623.)— Appeal from a judgment in favor of claimant, entered June 25, 1971, upon a decision of the Court of Claims. In the process of widening the highway in front of claimant's office building on South Broadway,

Village of Hicksville, Long Island, the State appropriated a strip of land and took a permanent easement along the front thereof. This resulted in the reduction of parking places from 63 to 30 cars. By eliminating a grassy mall area in front of the building, 12 additional spaces were recouped. The court awarded $30,000 consequential damages for the reduction of the on-site parking and the loss of the grassy mall, together with $29,500 for the direct taking and the easement. The only issue on this appeal is whether consequential damages were properly awarded. Claimant's foundation for an award of consequential damages was the assumed loss of its primary tenant, Prudential Life Insurance Company, if on-site parking was reduced below the 50-space minimum required by their lease. In such an event, the lease gave Prudential the right to terminate, and the lease had four years to run at the time of the taking. Claimant's appraiser converted this loss into a dollar amount per square foot and arrived at a total figure of $86,000. However, the record reveals no factors to establish the basis of his opinion. He started with his own estimate of $5 per month for the value of each parking space, which was his own purely subjective determination. In his subsequent mathematical computations another increment was added, also without any substantiation, which was purely conclusory. Accordingly, such testimony was insufficient to support an award (*Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41; *Morio* v. *State of New York*, 34 A D 2d 845; *Fleetwood Maple Corp.* v. *State of New York*, 28 A D 2d 1026). The State's appraiser testified there were no consequential damages. Thus there was no range of expert opinion, and the court could not make an award for such indirect damages unless there was other evidence to support the award and the court provided a sufficient explanation for it (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851). The court could do neither, since such proof was not available. Actually, the key tenant, Prudential Life Insurance Company, renewed its lease and at an additional rental, a factor undoubtedly considered by the State's appraiser to support his view as to the absence of severance damages. Since there is nothing in the record to support the court's award of $30,000 consequential damages, it cannot stand. Judgment modified, on the law and the facts, so as to reverse the award of $30,000 for consequential damages, and, as so modified, judgment in the amount of $29,500 together with appropriate interest, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Kane and Main, JJ., concur.