ERDLE & STENGER, INC., et al., Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 51055.)

Fourth Department, June 29, 1973.

*Louis J. Lefkowitz Attorney-General (Dennis Hurley, Emil Woldar* and *Ruth Kessler Toch* of counsel), for appellant.

*Harris, Beach & Wilcox (Douglas S. Gates* of counsel), for respondents.

HENRY, J. The only issue presented on this appeal is the validity of the allowance of $30,982 for consequential damages sustained by respondents by reason of the use to which the portion taken was put by the State.

The appropriation map was filed on October 9, 1967. The effect of the taking was to change the character and desirability of a single 41.9-acre potential subdivision to two subdivisions, one of 19.435 acres and one of 15.33 acres, which are to be divided by the new arterial highway which is planned to be four to five feet above present grade at the south end of the property and seven feet below grade at the north end.

The State bases its appraisal of the property on a map showing the location of the arterial highway, three streets connecting therewith, 81 lots thereon, 16 of which front on the proposed highway. Until the new highway has been constructed claimants' lots cannot be developed for sale. The highway land now belongs to the State and claimants would have no right to build even a temporary road there. It would not be practical to build houses on the lots in anticipation of road construction by the State and the lots will necessarily be graded to conform to the

highway level. The evidence shows that at the time of the appropriation it was known that there would be delay in constructing the highway. The land immediately south of claimants' land was appropriated in 1964 and State road construction had not yet been commenced on it. Engineers of the State Department of Transportation did not know when construction of the new highway would commence. Preliminary plans were subject to change. Needed land had not been appropriated and further acquisitions would be necessary before highway construction could begin. "Just compensation has been measured in cases of this kind by the fair market value of the property taken as of the date of taking. [Citations omitted.] It includes the market value of the premises actually taken and also any damages resulting to the residue, including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it ". (*Matter of Board of Water Supply of City of New York,* 277 N. Y. 452, 456.) Here the plan for the use to which the portion taken is to be put is to hold it as unused land until additional lands have been acquired, preliminary drawings completed and the time for construction has arrived according to priorities to be established by the Department of Transportation.

Claimants' expert testified that the value of claimants' remaining land, after the appropriation, was $1,500 per acre. It would have been worth $3,000 an acre if it could have been utilized at the time of the appropriation but because the highway construction could not proceed until all the prerequisites therefor had been completed and because claimants' subdivision could not be developed until the highway had been completed, no investor would pay more than $1,500 per acre for it. The State's engineer agreed that houses could not be built on the land until the State highway had been constructed.

The trial court found that the value of the remaining land after the appropriation was $2,625 per acre. This is not an award of damages for delay caused before the appropriation date but it is an award based on the before and after value of the property. The award is supported by the evidence and is within the range of the appraisals.

Simons, J. (dissenting). The claimants have been awarded consequential and direct damages as a result of the State appropriating part of their land for highway purposes. The consequential damages include an item for failure of the State to complete the highway after the taking. That compensation is not legally permissible.

The measure of damages to land in cases of partial taking is the difference between the fair market value of the whole before the taking and the fair market value of the remainder after the taking (*Acme Theatres* v. *State of New York,* 26 N Y 2d 385; *Diocese of Buffalo* v. *State of New York,* 24 N Y 2d 320). The damages are computed by using values at the time of the taking (*Chester Litho, Inc.* v. *State of New York,* 27 N Y 2d 323; *Wolfe* v. *State of New York,* 22 N Y 2d 292) and the award must reflect the status of the property at the time of appropriation, not at the time of trial (*Arlen of Nanuet* v. *State of New York,* 26 N Y 2d 346, 354).

In this case, the trial court found consequential damages by using a before value of $4,500 per acre and an after value of $3,500 per acre. It then reduced this after value an additional 25% to $2,625 per acre to reflect the fact that the highway had not been complete at the time of trial, three years after the taking. The majority is affirming that judgment because it interprets the evidence of the claimants' appraiser to be that the after value of the property was $1,500 per acre. Therefore, they find the court's award is within the range of the testimony. In our view an examination of claimants' evidence does not support this finding.

Claimants' appraiser found a before value of $4,500 per acre for claimants' land. He reduced this to $3,000 per acre after value for the remainder because of '' the crossing of roadways, the elevation of the new highway, the depression of a portion of the highway, the uncertainty of where the utilities would be, what sort of a drainage system would have to be installed, the fact it was now separated into three different portions rather than the one overall project, the separation from the school, [etc.].''

This testimony shows that the appraiser gave full weight to the effect of the proposed highway upon the property in his after value. This was the only after value which could be supported by accepted legal principles of valuation. Nevertheless, the appraiser then applied a factor for '' inordinate delay '' in construction of the highway to this $3,000 per acre figure which further reduced the after value of $1,500. This was based on his conjecture that because of the uncertainty of the State's plans, the remaining land was worthless except to a speculator who might pay half price for it. He corroborated this speculation by the use of present worth tables. He considered that three years had already elapsed since the taking, that no improvement could be anticipated for another five to

six years and then he multiplied a present worth factor of .467 x $3,000 per acre after value for an anticipated eight-year delay, to arrive at a final after value of $1,401 per acre. This was improper and the evidence should not be used to establish a range to support the judgment. In discussing the rule in *Wolfe* v. *State of New York* (22 N Y 2d 292, *supra*) we stated that, " claimant's damages must be measured and fixed at the time of taking and based on what the State has taken, whether or not it intends to make full use of any or all of the property." (*Wayside Nurseries* v. *State of New York*, 36 A D 2d 212, 214).

The accepted before and after value method of determining damages to property remaining after a partial taking may properly consider the use to which the property will be put by the condemnor, but in considering the use of the condemned land as an element of damages it is not what or when the condemnor planned to use the property that is relevant but rather what the condemnor acquires the right to do (4A Nichols, Eminent Domain, § 14.241, subd. [3], p. 14–165; § 14.244, p. 14–219). In the present case, the State acquired property for the purpose of constructing a highway. A map was filed by the State showing details of the proposed highway construction and claimants were properly allowed to present evidence of the value of the remaining property taking into account the proposed highway for the purpose of establishing consequential damages and its future effect on the remainder of the land. The trial court went far beyond this and compensated claimants for speculative damages based upon the State's delay in construction of the highway, not only at the time of trial, but for years ahead.

The consequential damages should be computed by finding

| | | |
|---|---|---|
| Before value | 35.4 acres at $4,500 per acre = | $159,300 |
| After value | 35.4 acres at $3,000 per acre = | 106,200 |
| Consequential damages | | $ 53,100 |

and the judgment should be modified to reflect this computation by reducing it the amount of $13,290.

MARSH and MOULE, JJ., concur with HENRY, J.; SIMONS, J., dissents and votes to modify judgment in an opinion, in which DEL VECCHIO, J. P., concurs.

Judgment affirmed with costs.