■ MANLIUS CENTER ROAD CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54246.)—Judgment unanimously affirmed, with costs. Memorandum: The State challenges only the award of $14,150 for consequential damages. After the direct taking there remained 2.41 acres which the court held would be damaged by a change in elevation resulting from a relocation of a State highway. The State urges that the trial court erred in basing its award for consequential damages upon its finding "that Route 5 will be relocated and constructed in a manner that will require Butternut Drive to pass over it at no less than 16 feet and that this will require the elevation of said Drive in the area fronting the southern portion of subject property". The record, indefinite as it is as to the exact location of the bridge which has not yet been planned or constructed, supports the court's finding. Claimant's appraiser testified that while the Department of Transportation had not made definite plans, the construction of the ramp over the highway would result in placing claimant's southern 325 lineal feet of frontage on Butternut Drive in a depression or hole. He estimated that the change in grade in front of the property would vary from 3 feet to 20 feet. The State's senior engineer admitted that there would be a change in grade at the southern boundary of the subject property, but that without a specific plan he believed the change would be three to three and one-half feet. This testimony without more is competent probative support for the court's finding. The trial court properly and candidly stated that the failure of the State to present positive proof of the plans for construction of the bridge made it difficult to determine how severe the change in grade would be and how much of the subject property would be adversely affected. The State contends that the failure of definite proof in reference to the location of the bridge, and the uncertainty as to when, if ever, the bridge will be erected, made an intelligent finding of change of grade impossible. We cannot agree with this argument. The fact that an element of damages is in futurity should not prevent recovery so long as it is reasonably probable that damage will ensue when the bridge is constructed. The accepted before and after value method of determining damages to property remaining after a partial taking may properly consider the use to which the property will be put by the condemnor, but in considering the use of the condemned land as an element of damages it is not for what use or when the condemnor planned to use the property that is relevant but rather what the condemnor acquires the right to do (4A Nichols, Eminent Domain, § 14.241, subd [3], pp 14-163 to 14-165). In *Erdle & Stenger, Inc. v State of New York* (42 AD2d 211, affd 34 NY2d 733), we were confronted with a similar situation where final plans for the construction of a highway were not formalized. In basing

our award on the before and after value of the property, we followed the principle enunciated by the Court of Appeals in *Matter of Board of Water Supply of City of N.Y.* (277 NY 452, 456): "Just compensation has been measured in cases of this kind by the fair market value of the property taken as of the date of taking (Orgel, Valuation under the Law of Eminent Domain, § 16; *Matter of Van Etten v City of New York*, 226 NY 483, 489; *Brooks-Scanlon Corp. v United States*, 265 US 106, 123). It includes the market value of the premises actually taken and also any damages resulting to the residue, including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it *(South Buffalo Ry. Co. v Kirkover*, 176 NY 301)". Applying this rule to the instant case the trial court was required to consider the effect of the proposed construction on the remainder of claimant's property. The award is supported by competent evidence and is within the range of the expert testimony. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.