■ COLUMBIAN SOCIAL CLUB, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58134.)—Appeal from a judgment in favor of claimant, entered February 26, 1976, upon a decision of the Court of Claims. Claimant was the owner of an 8,220 square foot parcel of land with 60 feet of frontage on East Main Street in the City of Amsterdam which was improved by a two-story stone, concrete block and brick building. A retail store was operated on the first floor, while the second floor was equipped for meetings, banquets and related civic and club activities. All of the property was taken for highway purposes and the Court of Claims has awarded damages of $24,650 for the land and $96,104.96 for the building, a total rounded value of $120,750 for the entire taking. On this appeal the State argues that the comparable sale used to determine the land value and the comparable rentals used in the capitalization of income method in determining the value of the building were erroneous. These are the only contentions raised and we find them both to be without merit. The comparable sale offered by claimant was completely proper and was unfettered by any inflated value as urged by the State. We also reject the argument that downtown Amsterdam is commercially dead, since it is contrary to the testimony of the State's own appraiser, whose testimony supplied further evidence upon which the court relied to sustain its finding of a square foot unit value for the land. In arriving at their respective valuations of the building, both appraisers utilized the capitalization of income method. It seems clear that in arriving at its value for the structure in question, the court rejected much of claimant's evidence and relied heavily on the

comparable rentals submitted by the State's appraiser. However, it is also plain that the court made its own adjustments thereto and fully explained the reasons for those adjustments by specific references to evidence in the record. This approach was proper and in accordance with procedures contemplated by prior decisions of this court (see *Ekorb Assoc. v State of New York,* 41 AD2d 794; *Ridgeway Assoc. v State of New York,* 32 AD2d 851). Judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.