■ CAMP BEL-AIRE, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 46860.) — COOKE, J. Appeal from a judgment in favor of claimant, entered January 17, 1969, upon a decision of the Court of Claims making an award for the partial appropriation of its girls summer camp property located in the Town of Liberty, Sullivan County. Relying primarily on market data corroborated with reproduction cost less depreciation, claimant's expert assigned a before value of $164,000 for the property, based on a highest and best before use as a cultural children's camp. He testified that the highest and best use after the appropriation was as a hunting camp or summer retreat and that the value of the remainder was reduced to $40,000, resulting in damages of $124,000. The State's expert, also relying on market data and with a highest and best use as a seasonal youth camp both before and after the appropriation, reached a before value of $90,000 and an after value of $70,000. The court adopted claimant's before and after highest and best use and valued the camp at $122,510 before and $84,210 after the appropriation, the award or difference being $38,300. The decision under review is not supportable, since the after value found is higher than any figure in evidence for said item (*Milsap* v. *State of New York*, 32 A D 2d 586; *Asken* v. *State of New York*, 25 A D 2d 922). A total award and its various components must be within the range of expert testimony or supported by other evidence (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428) and sufficiently explained by the court (*Spyros* v. *State of New York*, 25 A D 2d 696). The explanation contemplated is not to be a matter of the subjective judgment of the judge or court but must be supported by evidence at hand (*Angus* v. *State of New York*, 32 A D 2d 863). Further, there was no range of after values, since the expert witnesses differed as to highest and best use, and the after found value, absent sufficient explanation, cannot stand (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851). Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.