■ YONKERS GARDENS COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 51783.) GARDEN TOWERS COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 51785.)—Appeals from judgments in favor of claimants, entered March 18, 1974 and March 20, 1974, upon decisions of the Court of Claims. These two claims were tried jointly and, since the issues in each case parallel one another, our determination in one will be dispositive of the other. The two subject properties, adjacent to each other, are improved by two seven-story, eight-year-old garden apartment houses, and each possesses approximately 220 feet of frontage along the west side of Central Park Avenue in the City of Yonkers. For the purpose of widening Central Park Avenue, the State appropriated a strip of land along the easterly borders of the subject premises, together with permanent easements for the construction and grading of slopes, and temporary easements for work areas. As a result of the takings, the setbacks of the apartments along Central Avenue have been reduced from 65 feet to 28 feet in one instance, and from 50 feet to 19 feet in the other, and a number of outside parking spaces and improvements to the land area taken have been eliminated from each parcel. The Court of Claims made

awards for both direct and consequential damages. The State directs its appeals solely against the awards of consequential damages to the buildings, contending that in employing the capitalization of income method to obtain the before and after value of the apartment house structures, the trial court erroneously applied certain components to the equation which are not supported by any evidence. First, it contends that it was error to establish a value of $7.75 per square foot for the before value of the land since it was outside the range of the testimony. The State's appraiser set a land value of $4.02 per square foot while claimants' appraiser fixed a value of $6 per square foot for unimproved land to which he added a $4 per square foot enhancement value for the existing improvements. Although there is some confusion in the record as to whether claimants' expert limited the enhancement value solely to the land actually taken, there is other evidence in the record, particularly in his direct testimony, which supports a $10 per square foot value for the entire parcel. Thus, the trial court's selection of the $7.75 per square foot amount falls well within the range of testimony. Secondly, the State objects to the court's use of a 3½% vacancy rate in its determination of the after value of the buildings when the only testimony on this issue was a 1% before rate and a 2½% after rate. With this contention we must agree. The only opposing relevant evidence offered on this subject related to claimants' estimation of a percentage reduction in rental incomes for the easterly apartments. However, there is no explanation or basis for the conversion of this proof into an estimated vacancy rate. Accordingly, the vacancy rate should be limited to 2½%, and a recomputation made with the use of such a component to determine the proper after value of the apartment house structures (*Camp Bel-Aire v State of New York,* 34 AD2d 867; *Clearwater v State of New York,* 28 AD2d 936; *Spyros v State of New York,* 25 AD2d 696). Finally, the State contends that parking fees were erroneously included in the capitalization equation as additional payments towards the established total rental income. Again we must agree. The record demonstrates that all parking facilities were leased to a concessionaire, but there is no evidence of the annual rental income derived therefrom by claimants. Since there was a reduction in parking space as a result of the appropriation, the diminution of parking income should be considered in the determination of damages, but additional proof is required on this issue to ascertain the amount thereof. Under these circumstances, we believe that the matter should be remitted to the Court of Claims for the limited purpose of taking such proof as may be required so that adequate findings can be made on this issue and to thereafter conduct a recomputation of the awards based upon a 2½% vacancy rate. Judgment modified, on the law and the facts, by reversing so much thereof as awards consequential damages to buildings, and a new trial ordered as to said damages, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.