GEORGE E. CONKLIN et al., as Executors of HORACE E. CONKLIN, Deceased, Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 40650.)

ARTHUR KRADJIAN et al., Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 40934.)

Third Department, February 17, 1965.

482

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* of counsel), for appellant.

*Chernin & Gold (Charles D. Keane* of counsel), for George E. Conklin and another, respondents.

*Palmer, Hankin, Peyton & Hanifin* for Arthur Kradjian and another, respondents.

GIBSON, P. J. These appeals by the State from judgments of the Court of Claims awarding damages for appropriations of real property pose the common problem of inadequate findings by the trial court and are otherwise unrelated.

The rule as to decisions upon nonjury trials is stated by statute, in succinct terms: " The decision of the court may be oral or in writing and shall state the facts it deems essential." (CPLR 4213, subd. [b]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4213.04–4213.09.) A statement of " the essential facts on which the judgment is founded " may not be waived or dispensed with, as such " is necessary to insure both a proper adjudication in the trial court and an adequate review in the appellate courts." (*Driskell v. Alfano,* 12 A D 2d 973; *Power v. Falk,* 15 A D 2d 216; 7 Carmody-Wait, New York Practice, §§ 7–9, pp. 10–14.) Although this court has the undoubted power to make new and appropriate findings and to render judgment thereon (*Victor Catering Co. v. Nasca,* 8 A D 2d 5; *Ruegg v. Fairfield Securities Corp.,* 308 N. Y. 313; *Bernardine v. City of New York,* 294 N. Y. 361; 9 Carmody-Wait, New York Practice, § 473, pp. 183–184; § 171, pp. 597–599), we have not, in appropriation cases, ordinarily done so; except as we have modified as inadequate or as excessive the amounts of awards

in cases where the findings in each instance adequately demonstrated, first, a proper basis in the evidence for an award and, second, the trial court's proper application of the basic principles of measurement, and the error requiring our intervention was incurred only in fixing the amount. Evaluations and determinations reached *de novo* at the appellate level, amounting, in effect, to complete redeterminations of basic issues, are usually best avoided. (Cf. *Power* v. *Falk*, 15 A D 2d 216, 218, *supra*; *Kundla* v. *Symans*, 9 A D 2d 1021.) It must be observed, however tritely, that the Trial Judge, having observed the witnesses, having viewed the premises and having gauged the proof as it was developed, is better qualified to weigh the determinative facts. Equally clear is the rule that it is the trial court's function and its responsibility to translate its conclusions into intelligible form by a decision adequate to permit intelligent judicial review. (See *Ahleim* v. *State of New York*, 21 A D 2d 747; *Wineburgh* v. *State of New York*, 20 A D 2d 961; and, cf., *United States* v. *Merz*, 376 U. S. 192, 198–199.) Additionally, as is pointed out in its brief, the State, in appraising the advisability of appeal, is unable to reach an informed conclusion without some intimation of the rationale and the factual basis of the court's decision; and this, in the rising tide of appropriation claims, with congestion and delay and mounting costs of interest and litigation, reacts to the prejudice of all parties and of the public interest as well. It is true that in these cases the State did not request or submit findings but that omission does not excuse the trial court's failure to render decisions sufficient to permit informed review here. (*Driskell* v. *Alfano*, 12 A D 2d 973, *supra*; *Wilkinson* v. *State of New York*, 9 A D 2d 859; *Mason* v. *Lory Dress Co.*, 277 App. Div. 660.)

We turn then to the decisions of the Court of Claims in the cases before us.

The *Conklin* case involves three parcels, one on the west side of Front Street in the City of Binghamton, another on the east side of the same street, and the third, also on the east side of Front Street, but in the next block, extending into the Town of Dickinson. The parcels differ markedly in topography and in other respects as well; one, usable for commercial purposes to a shallow depth, rises sharply to a steep, wooded hillside; another, usable for a depth even more shallow, then drops precipitately; and the third, a large, irregularly shaped parcel, below street grade, is largely river flatland, subject to seasonal flooding and incumbered by drainage easements. The decision indicates that to develop two of the parcels to their best use, a great deal of fill will be required and as to the cost and feasi-

bility of this operation there is, at best, no more than a minimal amount of proof.

Neither parcel adjoins another. The record indicates no relationship between them, other than a common ownership. Nevertheless, in fixing damages, the trial court treated the three parcels as a unit, finding merely " that the fair and reasonable market value of claimant's land prior to the appropriation was $317,000.00, and * * * after the appropriation was $49.00. Claimant has been damaged in the sum of $316,951.00 and is entitled to an award in that amount. * * * The direct damages amount to $312,951.00 and the consequential damages due to loss of access amount to $4,000.00." Although otherwise careful and lucid, the decision, in thus lumping evaluations, is fatally deficient in affording no basis for intelligent judicial review; and we are constrained to require additional findings of direct and consequential damage with respect to each parcel; and, where segments of a parcel are evaluated according to different uses, like findings as to such segments.

In the *Kradjian* case, before us, claimants owned a long, narrow strip of land on Front Street in Binghamton, from which the State appropriated 0.99 acres, which included all the street frontage of 244 feet, thereby severing, without right of access, the rear portion, consisting of over 10 acres. The original parcel was terraced back from the street for 170 to 175 feet, from which point the land was a steep, wooded hillside. The trial court's decision, rendered from the Bench, seems to us inconclusive. It was found " that the best available use of the land * * * would be divided into *perhaps* three categories: The frontage, to a depth of 170 to 175 feet, would be available for commercial ". (Emphasis supplied.) Actually, the property was zoned residential, and although the probability of rezoning was conceded, the property was appraised as though rezoning were an accomplished fact. (See *Masten* v. *State of New York,* 11 A D 2d 370, affd. 9 N Y 2d 796.) The decision then discusses the lands to the rear as regards the two uses asserted by claimants — for residential purposes or as a source of fill or gravel — discussing each use in terms of " possibility ", while expressing strong qualifications and serious questions as to each, and ending without specific indication that one or both uses are found. The decision then proceeds to fix damages, not merely without segmenting the rear lands as between two uses, if such were intended to be found, but without any differentiation between the commercial frontage and the rear acreage, whatever its highest and best use. The only findings of damage were that the market value of the land, appropriated and unappropriated,

at the time of the appropriation was $32,500, that thereafter it was $500 and that claimants had been damaged in the sum of $32,000. The omission of a clearly essential breakdown of the before and after valuations as between the street frontage and the lands in the rear is emphasized in this case by the wide divergence of the appraisals, claimants' expert testifying to before-values of approximately $33,000 with respect to the frontage and $10,500 with respect to the acreage in the rear, as against the State's proof of approximately $19,000 and $650, respectively. Appropriate findings upon the issues indicated are essential.

In neither of these cases is a new trial necessary and in each we need remand only to enable the Trial Judge to formulate adequate findings. (See *Ahleim* v. *State of New York*, 21 A D 2d 747, *supra*; *Wineburgh* v. *State of New York*, 20 A D 2d 961, *supra*.)

In each case, the determination of the appeal should be withheld and the case remitted for further proceedings not inconsistent with this opinion; and upon the making and filing of the record of new or additional findings, the cases should be restored to the calendar.

HERLIHY, TAYLOR, AULISI and HAMM, JJ., concur.

Determinations of the appeals withheld and cases remitted to the Court of Claims for further proceedings not inconsistent with the opinion herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the records thereof in this court, the cases will be restored to the calendar.