■ PETER SPYROS, Individually and as Executor of JAMES E. STRATES, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41793.) — AULISI, J. Appeal by the State and cross appeal by the claimants from a judgment of the Court of Claims entered on November 24, 1964 awarding the sum of $234,500 for the appropriation of land for highway construction in the County of Broome. The State appropriated approximately 97 acres of land located between Front Street and the Chenango River within close proximity to the City of Binghamton. The experts agreed that the highest and best use of the property was for a seasonal recreational area and it was conceded that a portion of the land was subject to various degrees of flooding, although claimants' expert contended that the seasonal use would not be thereby affected. The expert for the State claimed that only approximately 30 acres would be available for such use and because of the flooding the remainder would be limited in its use as a recreational area or could only be used for fill. The trial court found that the best available use was for " a seasonal recreation center which would take into account the periodic flooding of the area adjacent to the river", with a before value of $272,025 and an after value of $37,525. The total damages awarded were composed of direct damages of $212,500 and $22,000 consequential damages. The State contends that the court's findings show the existence of three areas of unequal value in claimants' property and that the failure to give separate values to the different portions was error. We believe that the decision read as a whole supports the conclusion that the property was considered to be composed of only one parcel and the entire property was included in the highest and best use although certain of its parts were of less value because of the periodic flooding. Any division of the land was to show the effect of the flooding and on the record here the court was justified in considering all the testimony and awarding one figure for the total area taken (see Sibley v. State of New York, 24 A D 2d 780). The State also urges that the comparable sales differ to such an extent from the subject property that they were not a sufficient basis for an award. The record indicates that both experts apparently recognized this fact and made such allowances as were necessary in their evaluations. However, it does not appear in what manner either the experts or the court adjusted the aforesaid differences and since the court has found an after value which is higher than any after value testified to and consequential damages which are lower than the lowest figure in evidence we are unable to sufficiently review the decision. The trial court itself was " unable to reconcile with the proof the breakdown as between consequential and direct damages urged upon us by the respective parties". The court is not bound to accept expert valuation when the record supports a different conclusion (Matter of City of New York [A. & W. Realty Corp.], 1 N Y 2d 428), but there must be sufficient explanation for the conclusion reached to enable adequate review on appeal (Conklin v. State of New York, 22 A D 2d 481, 483). Although prior cases have reduced awards of direct damages that were higher than shown by any of the testimony most favorable to claimants (McNitt v. State of New York, 24 A D 2d 544; Reynolds v. State of New York, 25 A D 2d 466), we feel that under the circumstances here the case should be remanded to enable the trial court to present adequate findings. Determination of the appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.