■ MICHAEL F. STIRIZ et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 36826.) — REYNOLDS, J. Appeal from a judgment of the Court of Claims awarding respondents direct and consequential damages in a condemnation proceeding in connection with property taken in extending the Sunrise Highway. The award rendered must be reversed and the case remitted for a new trial in connection with the property affected by map 316. Claimants' expert testified that in his opinion the best and highest use of such property was for commercial purposes and opined direct damages of $56,289 and consequential damages of $50,267. The State's expert testified that the best and highest use was for residential purposes and that only $10,700 in direct damages

had been sustained. He found no consequential damages. Neither expert testified as to any alternate figure given a different use. The Trial Judge determined the best and highest use to be for residential purposes but then proceeded to find direct damages of $13,000 which obviously exceeded the valuation as residential property given by the State's expert — the only testimony as to valuation in the record for this use. Thus since the court advanced no explanation for its reaching a valuation in excess of the expert testimony, the award cannot stand (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). Similarly the court's award of consequential damages has no basis on which to be sustained. Furthermore, it is not quite clear on what basis consequential damages were awarded and on retrial if consequential damages are found the basis on which such an award is made should be clarified. Judgment, insofar as it awards claimants the sum of $25,920, with interest, for damages resulting from the permanent appropriation on January 18, 1959 (map 316), reversed, on the law and the facts, and new trial ordered; and as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.