## (June 18, 1969)

■ RIDGEWAY ASSOCIATES, INC., et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41596.) — *Per Curiam.* Cross appeals from a judgment in favor of claimants, entered November 8, 1967, upon a decision of the Court of Claims. Prior to the appropriations herein claimants were the owners of 100.276 acre tract of land located in the Town of Smithtown, Suffolk County. The 100 acres which comprised this single tract had been acquired by claimants in a series of transactions for residential development purposes. As a result of the appropriation in fee of 20.865 acres on December 15, 1961, this tract was divided into two separate parcels, one consisting of 71.8 acres to the west of the appropriated area, the other, 7.611 acres in area, to the east thereof. Also appropriated at various times were certain permanent easements. Soon after the appropriation, claimants began developing the westerly remainder. The entire development was designated as "Pinecone", and the area was divided into six separate sections, five of which had been completed and practically all of the homes built therein sold prior to the trial. The easterly remainder was not developed as claimants determined that it would not be economically feasible to do so. The appraisers appearing and testifying for both the claimants and the State offered substantially differing opinions as to the value of the area taken and the extent of damages resulting from the appropriation. At first blush, the trial court's findings appear to fall within the range of the testimony presented, the trial court awarding claimants direct damages in the amount of $91,180 and consequential damages in the amount of $96,575. On this appeal, both parties raise certain limited issues, each challenging various aspects of the award. A review of the entire matter, however, reveals that a number of errors underlie the trial court's award which are so fundamental in nature that they necessitate a reversal of the judgment appealed from. Upon analysis, the appraisal testimony presented by the State's expert witness is found to be of limited probative value. The most serious error of all was the witness' failure to include within his appraisal approximately 15 of the 100 acres owned by the claimants. This eliminated acreage included frontage on Veteran's Highway which was found by the trial court to be of a higher per acre value than the remaining property appraised by him. No value was ascribed to to this portion of the property and the witness' failure to value it severely restricts the value of that testimony. Furthermore, of the three comparable sales relied upon by this witness, one was not an open market transaction. With respect to another, State's sale No. 3, comparability to the subject property was premised upon the assumption that development costs for both properties would be the same. However, it was disclosed upon cross-examination that the allegedly comparable property was subject to severe water and sewage problems which did not affect the subject property. Additionally,

his conclusion as to the value of the subject property was seriously weakened when he was confronted upon cross-examination with testimony presented by him in another appropriation case affecting nearby property. The cumulative effect of all of these factors is to render his testimony of no probative value. When, as in this case, the expert opinion of one of the parties is rejected as insubstantial and inadequate to support the court's finding, then no range of testimony exists and consequently the award made by the trial court and every element thereof, if at variance with the remaining expert opinion, must be supported by other evidence and a sufficient explanation provided by the court (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Evans* v. *State of New York*, 31 A D 2d 565; *Fredenburgh* v. *State of New York*, 26 A D 2d 966; *Spyros* v. *State of New York*, 25 A D 2d 696). In the present case, neither evidentiary support nor an adequate explanation can be found to justify the trial court's findings. Another troublesome feature of the trial court's award is the manner in which it arrived at a before value for the subject property. The court found a total before value of $4,370 per acre by selecting a value of $3,800 per acre and adding thereto a 15% increment for the property's potential subdivision use. Whenever such an increment must be added to the raw acreage value to reflect a property's subdivision potential, then the specific increment which is selected and applied must be based upon sufficient evidence and be satisfactorily explained (*Clearwater* v. *State of New York*, 28 A D 2d 936; *Golden Park Realty Corp.* v. *State of New York*, 28 A D 2d 605; *Fort Amherst Realty Co.* v. *State of New York*, 27 A D 2d 582; *Hewitt* v. *State of New York*, 18 A D 2d 1128). The trial court, however, offered no explanation for its selection of a 15% increment figure nor is evidence supportive thereof readily ascertainable. The only testimony as to an increment was presented by the State's witness who testified only as to an exact dollar amount. Even more importantly, the comparable sales relied upon by both expert witnesses in valuing the subject property involved properties purchased by developers for development purposes and accordingly were sales in which development costs have been considered and were reflected in the sales price (see *Munro* v. *State of New York*, 30 A D 2d 1002; *Cuomo* v. *State of New York*, 21 A D 2d 724, revd. 19 N Y 2d 721). To add an increment to the value established on the basis of these sales is to inflate and distort the market value of the subject property. One additional problem was created by the conclusion drawn by the State's appraiser that the westerly remainder suffered no consequential damage and the manner in which he proceeded to arrive at an after value for that area. In computing this figure the witness merely subtracted the amount of direct damages found by him from the property's before value. An after value calculated in this fashion is of a different nature from that testified to by the claimant's expert and consequently a finding by the court which differs from that of the remaining expert testimony must be supported by other evidence and be sufficiently explained to permit review (*Town Realty* v. *State of New York*, 30 A D 2d 628; *Rockaway Peninsula Corp.* v. *State of New York*, 29 A D 2d 997; *Patchogue Shopping Center* v. *State of New York*, 26 A D 2d 965). Once again, neither requirement has been met. In view of our rejection of the appraisal evidence offered by the State, we have considered the possibility of adopting *in toto* the conclusions of the claimants' appraiser, but have rejected this approach. One drawback of his testimony is his calculation of the subject property's value *after* the appropriation. This figure was arrived at primarily by deducting from the before value of the property as consequential damages the actual or, in some instances, the anticipated increased costs of developing the remainder area. While these costs are certainly valid factors to

be considered in determining the subject property's post-taking value and the damages sustained, they are not, in and by themselves, solely determinative of the issues (Nichols, Eminent Domain [3d ed., 1968], vol. 5, § 23.4; vol. 4, § 14.247). Also militating against complete adoption of his conclusions is the fact that the precise monetary adjustments utilized by him in valuing the subject property on the basis of the comparable supporting sales are nowhere set forth or specifically delineated so as to permit intelligent review thereof. Under the circumstances, we believe that the only fair method of resolving the many issues involved in this litigation and determining accurately the amount of compensation to which claimants are entitled is to afford both parties an opportunity to present anew at a new trial whatever evidence may be available. Judgment reversed, on the law and the facts, and a new trial ordered. Herlihy, J. P., Reynolds, Aulisi, Cooke and Greenblott, JJ., concur in memorandum *Per Curiam.*