■    CHARLES R. LEONARD, JR., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45732.) — STALEY, JR., J.   Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation of lands for highway purposes. Essential to the award of damages was a finding that the fair and reasonable market value of claimant's property before the appropriation was $249,000. The court, in arriving at this valuation, used a land value as testified to by claimant's expert, and to this added the building values as found by the State's expert, and then added the value of walls and fencing taken based upon reproduction cost less depreciation. The valuation placed upon the buildings by claimant's expert was purely speculative and, therefore, the State's expert's value was adopted. While the court could have evaluated a considerable part of the land separate from the buildings, it could not disregard the evident fact " that neither before nor after the taking could any substantial market value be assigned the house apart from the land upon which it stood ". (*Bensle* v. *State of New York,* 24 A D 2d 1052.) The error in arriving at the before value was further compounded by the fact that the value attributed to the wall was based upon reproduction cost less depreciation.

---

The property was not unique, and the wall, as such, was not a specialty. There was thus no reason for valuing the wall on this basis. (*Guthmuller* v. *State of New York*, 23 A D 2d 597; *Bensle* v. *State of New York, supra.*) In arriving at its after value, the court awarded the sum of $12,500 for the wall and fencing taken, this figure being in excess of the actual reproduction cost of the area of the wall and fencing taken as computed from the appraisal of the State's expert. The court thus fell into the same error in computing damages as it did in arriving at the before value. The State's expert also testified that he allowed $6,000 in damages for the destruction of the wall, and attempted to show that this was an estimate of the benefits lost by removal of the wall. This was not explained, however, to any degree and no comparables were used having a similar wall. Considering the State's amount of $6,000 for damages to the wall, and the reproduction cost of the wall being approximately $12,000, it appears that he merely depreciated the wall by 50% and allowed the result as damages. The State's appraiser also failed to consider the root cellar upon the premises since he was apparently under the impression that it was not in the area of the taking. The court awarded $1,000 damages for the root cellar apparently on the basis of reproduction cost less depreciation, and again this award of damages cannot be allowed to stand. In addition, claimant urged that the highest and best use of the property was as estate property, while the State contended that the highest and best use was for residential subdivision, with the trial court agreeing with the State's contention. There being a difference of opinion as to highest and best use of the property, there was no range of testimony as to these elements of damages and the court, having reached an evaluation in excess of the expert opinion based on such use, can be sustained only if there is other evidence to support such award and the trial court furnishes an explanation as to how the valuation was reached. This the court failed to do and the award for consequential damages and for direct damages cannot be sustained. (*Stiriz* v. *State of New York*, 26 A D 2d 964; *Angus* v. *State of New York*, 32 A D 2d 863; *Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851.) Both parties having contributed to the deficiency in proof, a new trial should be ordered in the interest of justice where the proof can be developed on adequate comparables with all adjustments fully explained. (*Dunham* v. *State of New York*, 29 A D 2d 596.) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.