REUBEN WEINER, as Executor of NATHAN WEINER, Deceased, et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 49940.)

Third Department, June 26, 1975

*Louis J. Lefkowitz, Attorney-General (Henderson G. Riggs and Ruth Kessler Toch of counsel), for appellant.*

*Hancock, Estabrook, Ryan, Shove & Hust (William L. Allen, Jr., of counsel), for respondents.*

LARKIN, J. In order to carry out a flood control project, the State appropriated permanent and temporary easements across each of two noncontiguous parcels of land owned by claimants. Both parcels are in Ithaca, one located along Elmira Road and the other on Floral Avenue. On this appeal, the State contests an award of 20% consequential damages to the remaining acreage on the Elmira Road property, contending there is no evidence in the record to support that finding. The State further contests the before taking values ascribed to two separate portions of the Floral Avenue land.

The seven-acre Elmira Road parcel was divided by a 1.3-acre permanent easement, leaving 5 acres to the west and .7 acre to the east of the taken parcel. The State accepted a before taking value of the entire tract of $32,000 per acre and, therefore, the amount awarded for the directly taken 1.3 acres is not disputed. The court found that the .7 acre to the east lost value, as a consequence of the direct taking, from $32,000 per acre to $16,000 per acre, thereby making an award, not challenged by the State, of $11,200. The court further found that the value of the 5-acre parcel to the west dropped 20% as a result of the direct taking, from $32,000 per acre to $25,600 per acre, resulting in consequential damages to the 5-acre parcel of $32,000. The State alleges that there is no evidence in the record to justify this award.

The State's expert evaluated the consequential damages to the 5-acre parcel at 2.5% because of the irregularity of the shape of the remaining 5-acre parcel. The claimants' expert appraised the consequential damages to the 5-acre remainder by estimating the value at $51,000 per acre before and $100 per acre after. He justified his opinion as to this extreme loss of value upon the interesting theory that the flood control project had transformed the 5 remaining acres into a greater flood plain than before the project.

The trial court specifically rejected this contention, finding that the probability of flooding had not been increased. Since the claimants' expert based his estimate on an assumption expressly rejected by the trial court, that estimate could not create a range of testimony. In such case, the award made by the trial court, if at variance with the remaining expert

opinion, requires support by other evidence and a sufficient explanation by the court *(Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428; *Ridgeway Assoc. v State of New York,* 32 AD2d 851; *Spyros v State of New York,* 25 AD2d 696).

The trial court generally explained that the consequential damages awarded (20% of the before value) resulted from the irregularity of the shape of the 5-acre parcel. There is nothing to indicate how the 20% measure was determined by the court. This aspect of the case should, therefore, be remanded for a new trial *(Ridgeway Assoc. v State of New York, supra).*

The Floral Avenue land was a 16-acre vacant tract naturally bisected by the Cayuga Inlet. The 10-acre section east of the water was zoned for commercial or industrial uses but was subject to flooding. The 6 acres lying to the west of the inlet was higher ground, less likely to flood, and was zoned to permit multiple family dwellings. Portions of both the low or east side and the high or west side were appropriated for a permanent easement in order to construct a new channel. The before taking values ascribed by the court to the respective sections are challenged by the State.

In regard to the 10 acres of low land to the east of the taking, the court agreed with claimants' and State's experts that the highest and best use was for industrial development. Using comparable sales, the claimants' expert valued the 10 acres at $11,000 per acre and the State's expert found the value to be $1,120 per acre. The court found a value of $4,000 per acre. With both experts agreeing in regard to the highest and best use, the court's finding is sustainable as within the range of testimony.

The State alleges that the two comparable sales offered by the claimants' expert are so different from the land in question as to provide no basis. Although the court did expressly reject one sale as not comparable, it did not reject the other. The claimants' expert testified as to the adjustments he made in regard to such sale and justified his $11,000 estimate. The appraisal was sufficient to establish a range of expert opinion supported by competent evidence. The amount arrived at by the court should not be disturbed *(Sapia v State of New York,* 33 AD2d 821).

In regard to the high land, or the 6 acres to the west, the claimants' expert stated the highest and best use was for multiple family apartments at $19,600 per acre, while the

State's expert thought the highest and best use of this portion of the Floral Avenue property was industrial and should be valued the same as the low land portion, that is, $1,120 per acre. The trial court found "limited residential development" to be the highest and best use and set a value of $8,000 per acre.

The record indicates that the expert opinions were based upon different uses, therefore establishing no range of testimony. Even if the trial court's finding of a limited residential development highest and best use can be said to be equivalent to the claimants' expert's finding of a multiple apartment use, the $8,000 per acre before value, since different from the expert's estimate of $19,600 per acre, can be sustained only if there is evidence in addition to the expert testimony to support the $8,000 figure and the trial court furnishes an explanation as to how it was reached.

We do not find other evidence to support such an award, nor did the trial court furnish an explanation as to how it reached the valuation of $8,000 per acre. This award for consequential damages cannot be sustained (Leonard v State of New York, 33 AD2d 711; Stiriz v State of New York, 26 AD2d 964; Conklin v State of New York, 22 AD2d 481).

The judgment should be modified, on the law and the facts, by reversing so much thereof as awarded consequential damages to the 5-acre Elmira Road property and a new trial limited to the issue of consequential damages to said parcel ordered, and by reversing so much thereof as awarded direct and consequential damages to the 6-acre Floral Avenue property and a new trial limited to the issue of damages to said parcel ordered, and, as so modified, affirmed, without costs.

SWEENEY, KANE and MAIN, JJ., concur; HERLIHY, P. J., dissents and votes to affirm.

Judgment modified, on the law and the facts, by reversing so much thereof as awarded consequential damages to the 5-acre Elmira Road property and a new trial limited to the issue of consequential damages to said parcel ordered, and by reversing so much thereof as awarded direct and consequential damages to the 6-acre Floral Avenue property and a new trial limited to the issue of damages to said parcel ordered, and, as so modified, affirmed, without costs.