■ MIDDLETOWN MOTEL COMPANY et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 49551.)—Appeal from a judgment in favor of claimants, entered November 12, 1971, upon a decision of the Court of Claims. Claimants owned 11.617 acres of unimproved land at the interchange of Route 211 and Route 17 in the County of Orange. As a result of the appropriation by the State of New York on November 9, 1971 of 1.679 acres of claimants' property, the remaining 9.938 acres were landlocked without any right of access. On the trial, claimants' appraiser testified that the highest and best use prior to the taking was as a motel complex, and further explained that by such term he meant primarily as a motel but secondarily as a gas station closely connected with a motel and for other such things as a fast food franchise. The claimants' appraisal report stated the highest and best use for the greater portion would be as a motel site and for other related commercial uses. The State's appraisal indicates the highest and best use of the property prior to the taking was for a motel site.

Both the claimants' and State's experts used the market data approach. The claimants' appraiser found the value of the property before the taking to be $25,000 per acre and the State's expert found the value to be $11,000 per acre. Claimants' expert found the value of the property remaining after the appropriation to be $3,000. The State's expert found the after taking value of the remaining property to be $8,500, which amount was 8% of the before value established by the State's expert. The trial court found the highest and best use of the property before the appropriation was as a motel and found the value of the property before the taking to be $20,000 per acre, which was well within the range of the two values found by the respective State's and claimants' experts. The trial court further found the value of the remaining property, after the taking, was $1,600 per acre or 8% of the before value determined by the court. On this appeal, the State contends that two separate and distinct highest and best uses were found by the respective parties, i.e., as a motel and commercial development by the claimants and solely as a motel by the State. The State argues that when the trial court found the highest and best use to be as a motel, it accepted the testimony of the State's expert as to the highest and best use and, in so doing, could only alter the appraised value set by the State if there were an adequate explanation substantiated by the record (*Stiriz v State of New York,* 26 AD2d 964). Such an argument seems to be a matter of semantics. The trial court believed that both appraisers found the highest and best use of the property prior to the appropriation to be as a motel. We agree. The fact that the claimants' appraisal report and expert testimony take the position that such use of the motel could include related commercial use does not create a different highest and best use than that relied upon by the State. Neither of the appraisal reports gave any consideration to developing the property in any commercial sense which was not connected to a motel development and, indeed, both relied heavily on the comparable sale of a Holiday Inn, which included a restaurant complex, located near the subject property. We find that the parties agreed on the highest and best use and, therefore, the trial court's determination of the preappropriation value of the property must be upheld as within the demonstrated range of testimony. We have examined the other contentions of the State, including those concerning the difference in topography in the comparable property and the location adjustment figures in comparable sales, and find them to be without merit. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.