■ FOOTHILLS CORPORATION, INC., et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 53451.)—Appeal from a judgment of the Court of Claims, entered November 25, 1974 which awarded claimants $116,000 plus interest for the appropriation of 3.6 acres from a parcel of property totaling 15.87 acres in the City of Saratoga Springs, Saratoga County, for highway purposes. The State's appeal is limited to the court's rejection of the cost to cure approach and the award of $106,150 as consequential damage to the buildings. The award of $9,850 representing direct damages is not disputed. Part of the controversy arises from the fact that the taking included land on which claimants' equipment was demonstrated and tested for their customers. The State's appraiser testified that, in his opinion, the test track could be replaced within the remaining land after the taking at a total cost of $21,097. On this appeal the State contends that testimony was uncontroverted and seeks to limit claimants' recovery to that figure. The record discloses that there was testimony offered by the claimants, through the person in charge of all of claimants' testing, that the possibility of locating a new test track had been considered but rejected as being inadequate because not of proper width or length and because it would interfere with other operations and create a safety hazard. The court properly rejected the cost to cure approach because the expenses outlined by the

State do not appear to fairly reflect all of the costs involved and the placement of the track within the contemplated area would create additional problems such as interference with the normal operation and flow of materials and safety hazards. Cost to cure is not itself a measure of damages but it is merely an aid or guide to damage which the court found here to be inapplicable. This determination was based on credible evidence and did not constitute error. There is no problem with regard to the before value of the property appropriated. The State's and the claimants' appraisers agreed that the highest and best use before the taking was light industrial and the court, using the income approach, chose $1.65 per square foot rental value, a figure within the range of testimony. There is no dispute as to the figures used by the court for expenses and capitalization rate. The experts disagreed as to the highest and best use of the property after the taking. The trial court rejected the claimants' estimate of the rental value after the taking as a warehouse at $1 per square foot. Since the claimants' expert based his estimate of after value on an assumption expressly rejected by the court, that estimate could not create a range of testimony. "In such case, the award made by the trial court, if at variance with the remaining expert opinion, requires support by other evidence and a sufficient explanation by the court *(Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428; *Ridgeway Assoc. v State of New York,* 32 AD2d 851; *Spyros v State of New York,* 25 AD2d 696)." *(Weiner v State of New York,* 48 AD2d 440, 441–442). Although the court did not expressly state that it found that the highest and best use of the property after the taking was for light industry (as submitted by the State), its decision clearly indicates that the State's position was adopted. The court expressly found "As a result of the appropriation, the subject property suffered a *diminution* in utility." (Emphasis supplied.) The court considered no other use *after* the appropriation. It appears that the court adopted the State's area computation by virtue of correcting some mathematical computations appearing in the State's appraisal. We have examined the State's appraisal and from it compute that there is 42,421 square footage of rental space as compared with the figure of 42,371 square feet as found by the court. The difference is minimal and, in any event, claimants, in their brief and on the argument, adopt the figures found by the court. Accordingly, no adjustment is required in this respect. In view of the small difference between the after rental value found by the court of $1.20 per square foot as against that of the State's appraiser of $1.22 per square foot, this court will modify the after rental value to conform to that found by the State. Accordingly, the after value of the property as found by the court must be increased from $267,600 to $272,605. Based upon the before value of $383,600 and the agreed value of the land and improvements directly taken in the amount of $9,850, a remainder of $101,145 is left as consequential damages. Judgment modified, on the law and the facts, by reducing the award for consequential damages from $106,150 to $101,145, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Koreman and Main, JJ., concur; Larkin, J., not taking part.