### (April 29, 1976)

◼ IRVING ROZEN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 55143.)—Appeal from a judgment of the Court of Claims, entered December 3, 1974. Prior to the appropriation the claimant owned real property of about 9.26 acres which included a warehouse-type building. The appropriation resulted, *inter alia,* in the complete taking of the building. The court awarded claimant damages of $118,700 for the appropriation of his property. The sole issue raised upon this appeal is whether or not the court erred in finding that the gross rental value of the building was 50 cents per square foot for floor space. The State contends that because its appraiser specified the exact adjustments he made in his appraisal as to comparable leases and the claimant's appraiser did not so specify, the court must accept the value found by the State's appraiser of 31 cents per square foot. The State also contends that the court should have accepted all elements of the income approach used by its appraiser. This contention is without any substantial merit. A court is not required to accept the precise adjustments made by any particular appraiser *(Vircillo v State of New York,* 24 AD2d 534, 535). The State's appraiser noted in his appraisal that "the adjustments * * * appear to be large" and the record contains testimony as to the factors relating to such adjustments and particularly the disadvantageous location of the subject premises. The court was free to establish an independent value if there was other evidence in the record to support it and a sufficient explanation was given *(Weiner v State of New York,* 48 AD2d 440; *Ridgeway Assoc. v State of New York,* 32 AD2d 851). In the instant case, the court gave a detailed explanation of its choice of value

and it is supported by the evidence. Judgment affirmed, with costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.