■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v EDITH H. MARTIN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 19, 1975 in Schenectady County, which confirmed a report of the commissioners of appraisal. The plaintiff acquired by condemnation from the appellant a strip of land approximately 75 feet wide by 1,250 feet long. The taking was for the erection of overhead electrical power lines and required three to four poles to carry the same over the appellant's property. The plaintiff granted the appellant an easement over the lands taken in fee to use the lands so condemned, provided the clearance of the wires above the ground was not diminished. Three commissioners appointed pursuant to statute took testimony from both parties and viewed the land in question on two occasions. The commissioners found that the land so taken in fee was worth $1,150 per acre before the condemnation and awarded damages for the fee taking of 2.15 acres in the amount of $2,472.50. The commissioners found that the 55.33-acre balance of the land held by the appellant had sustained consequential damage by virtue of the taking, having been reduced in value by 7½%, and, accordingly, awarded the sum of $4,601.44 for consequential damages. Appellant concedes that the value per acre determined by the commissioners before the taking is within the range of testimony and is supported by the record. Appellant alleges, however, that there was disagreement as to the highest and best use of the property after the taking, that the consequential award is unsupported by the evidence and the order must be reversed. We disagree. The plaintiff's expert found that there was no consequential loss because of the fee taking and thus alleges that there was zero percent loss. The appellant's expert found consequential damages of approximately 50%. The commissioners found a consequential damage of 7½% clearly within that range. The testimony reveals no substantial difference in the highest and best uses put forward by the various experts, nor does the record contain reversible error. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.