■ RUGAR BAY CORP., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 57518.)—Appeal from a judgment, entered July 16, 1975, upon a decision of the Court of Claims which awarded claimant damages for a permanent appropriation of an easement on its property in the City of Plattsburgh. In 1967 Rugar Heights Corporation acquired 27.73± acres of vacant land in the City of Plattsburgh (hereinafter referred to as the western parcel). On January 22, 1970 Comfort Bay Corporation acquired 9.58± acres of vacant land contiguous to and easterly of the Rugar Heights Corporation land (hereinafter referred to as eastern parcel). The two grantee corporations were consolidated in June, 1970. The following year the State appropriated a 50-foot-wide permanent easement for drainage over lands formerly in the eastern parcel. After trial, the Court of Claims found damages for the direct taking and consequential damages for various segments of both the eastern and western parcels. The State appeals from so much of that judgment as awarded consequential damages to the western parcel of the claimant's property and to the segment on the western side of the easement which was entirely within the eastern parcel. The State alleges that there is no evidence to support an award of consequential damages for the parcels in question. The State urges that the entire easement taking was from the eastern parcel and that there were no consequential damages to the western parcel. Claimant alleges that both the eastern and western parcels were part of one over-all plan of development and, therefore, were both consequentially damaged by the appropriation. At issue herein is whether the award of consequential damages for the parcels in question was within the range of evidence or supported by other evidence with sufficient explanation by the court. The court treated the contiguous western and eastern parcels as one piece of property. Witnesses for the claimant testified that it had undertaken plans for the combined development of the properties, including lining up funds and having site plans drawn for garden apartments. Such unity of ownership and unity of use meets the requirement for treating contiguous parcels as one tract (Pedersen v State of New York, 50 AD2d 1004). The record is bare of any evidence to the contrary. The court found that the consolidation of the two parcels resulted in an increase of the frontage on a street in Plattsburgh and thus an increase in the development possibilities. These adjustment factors were not considered by the State's appraiser. The court found that the appropriation of the easement, although it was entirely in the eastern parcel, damaged the remainder of the eastern parcel and carried over and adversely affected, to a lesser degree, the western parcel. The court measured the damages by determining the difference between the fair market value of the entire property before the taking and of the remainder after the taking and specified in its decision the amount of direct and consequential damages with respect to each parcel, thus affording an opportunity for adequate review herein (Conklin v State of New York, 22 AD2d 481). The court found the western parcel was consequentially damaged by 10%. The claimant asserted a rate of 18% for this parcel and the State alleged that there were no consequential damages. The court further found that the segment of land to the west of the easement but completely within the eastern parcel was consequentially damaged by 30%. The claimant asserted a 47% reduction in the value of this parcel and the State again found no consequential damages. Thus, in the instant case the court's findings were well within the range of expert testimony (Niagara Mohawk Power Corp. v Martin, 52

AD2d 1002; cf. *Howard v State of New York,* 36 AD2d 993; contra *Ekorb Assoc. v State of New York,* 41 AD2d 794). However, even if the consequential damages awarded in this case were not within the range of testimony, they were supported by other evidence sufficiently explained by the court *(Milsap v State of New York,* 32 AD2d 586). The court viewed the property and some of the comparative sales in the general area. Claimant's appraiser stated, and the court agreed, that the State's drainage ditch would constitute a danger to small children and thus a deterrent to the sales of family residential units, which the testimony indicated was the use to which the property was to be put in the near future *(Manlius Center Road Corp. v State of New York,* 49 AD2d 685). The State alleges that the drainage ditch would have no more adverse effect than a pre-existing one on the premises and thus no consequential damage would result. The court rejected the State's posture in that regard by finding that the State's 50-foot-wide easement was a legally imposed drainage easement and that the pre-existing ditch was not. Further, there was testimony that the claimant could find many and varied solutions to that drainage problem which were not available to the claimant because of the State's legally imposed 50-foot-wide drainage easement. We conclude that there was ample evidence to support the amount of consequential damages found by the court *(Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428), and that the court's findings were specific as to various amounts and categories of damages and amplified the basis for the award *(Soule v State of New York,* 35 AD2d 890). Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.