■ ADA BANKS, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 58099.)—Cross appeals from a judgment in favor of claimant, entered February 9, 1976, upon a decision of the Court of Claims. Portions of claimant's lands were appropriated by the State in 1968 to facilitate the construction of Interstate Route 84 through the Town of Newburgh, Orange County. A judgment compensating her for these takings included an award of consequential damages for a remainder segment known as "Parcel IV" and, following an appeal by the State, we affirmed that judgment without opinion *(Banks v State of New York,* 40 AD2d 1081). In 1971 Parcel IV was appropriated by the State in fee and the parties now cross-appeal from the judgment of the Court of Claims awarding claimant damages for this subsequent taking. Contrary to the argument of the State, the prior adjudication did not determine that Parcel IV was landlocked so as to collaterally estop claimant from valuing the premises on any different basis in the instant case. Although the former decision of the Court of Claims employed the word landlocked, the balance of the opinion makes it clear that consequential damages were awarded on the theory that diminished access to Parcel IV had reduced its utility from office and light manufacturing purposes, in conformity with its zoning classification, to potential residential development. Had it been found that Parcel IV was deprived of legal access as a result of that appropriation, a proposition not advanced by either party, the amount of consequential damages actually sustained would have been markedly greater. Since the existence of *any* access was not an issue necessarily decided in that action, claimant was not legally precluded from urging the suitability of that access to support a particular highest and best use for Parcel IV in the present litigation. The Court of Claims has found that use to be residential, consistent with its earlier decision, and we perceive no reason to disturb that factual finding. Inasmuch as claimant's appraiser valued Parcel IV as though it possessed

industrial and office uses, the court properly rejected his report. Although the State's appraiser found the highest and best use of that property to be for residential development, the court did not explain how it arrived at an award which was five times the unit price per acre established by his report (see *Ridgeway Assoc. v State of New York*, 32 AD2d 851). We hesitate to undertake the task of fixing the proper amount of compensation on the present record because it further appears that the State's appraiser made large adjustments to supposedly comparable sales upon the erroneous assumption that Parcel IV was without legal access. Accordingly, the only acceptable alternative is to reverse the judgment appealed from and direct a new trial on the issue of damages (see *Weiner v State of New York*, 48 AD2d 440). Judgment reversed, on the law and the facts, without costs, and a new trial limited to the issue of damages ordered. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.