— Cross-appeals from a judgment in favor of claimant, entered May 2, 1974, upon a decision of the Court of Claims. Claimant was the owner of a vacant and unimproved tract of land situated on the east side of Central Park Avenue and an access drive to Palmer Road in the City of Yonkers when, on June 16, 1967, the State appropriated a strip of land therefrom pursuant to sections 30 and 349-c of the Highway Law. Prior to the taking, the subject property had an area of approximately 24,940 square feet, and this was reduced by approximately 3,427 square feet as a result of the appropriation, with 411 square feet taken in fee with right of access and 3,016 square feet taken in fee without right of access. As an additional consequence thereof, the parcel’s access to the avenue and access drive was reduced from 337 feet to 33 feet. After trial the Court of Claims found that the highest and best use of the property before the taking was as a potential gasoline station site, but that following the taking a gasoline station use was not feasible because of the loss of access and the changed configuration of the tract. Accordingly, it premised its after value of the parcel upon a highest and best use for commercial purposes and awarded claimant damages of $100,520, i.e., direct damages of $35,980 and consequential damages to the remainder of $64,540.
*689 On these cross-appeals, three basic questions are presented for our review, to wit: did claimant satisfy its burden of proof that, absent the appropriation, there was a reasonable probability of its being granted a special exception use permit to construct a gasoline station on the site; was this use as a gasoline station affected by a deed restrictive agreement between claimant and its neighbors; and was the trial court’s valuation of the parcel proper. Examining initially the special exception use permit issue, we note that, if it can be established as reasonably probable that an asserted highest and best use could have been made of a property in the near future, a trial court may find this was the highest and best use of the land for valuation purposes (Matter of City of New York [Shorefront High School—Rudnick], 25 NY2d 146). Moreover, the appraisers for both parties herein agreed that the subject property was to be considered as zoned so as to make its use as a gas station site contingent upon the issuance to claimant by the City of Yonkers of a special exception use permit. Such being the case, it was claimant’s burden to establish the reasonable probability that it would'have been issued such a permit had there been no appropriation. An examination of the record leads us to conclude that the claimant has carried this burden. Accordingly, the trial court, in evaluating the parcel, could properly consider the reasonable probability that a special exception use permit would have been issued. As for the deed restrictive agreement between claimant and its neighbors, this does not defeat the proposed gasoline station use. While claimant agreed, pursuant to the covenant, not to construct a gasoline station on part of the tract, the area affected was only a small portion of the realty involved, and sufficient unencumbered land remained available for use as a gasoline station. Turning finally to the trial court’s valuation of the property we find that it cannot be sustained. The appraisers for the parties differed as to the highest and best use of the parcel before the taking with claimant’s expert suggesting use as a gasoline station and a before value of $349,000 and the State’s expert suggesting use for commercial purposes and a before value of $170,850. As a result, no range of values was provided as to this component of the ultimate award, and, when the court adopted claimant’s suggested use as a gasoline station, it should properly have explained the substantial variation between its before value of $261,-870 and that of claimant’s expert (Camp Bel-Aire v State of New York, 34 AD2d 867). No explanation was given, however, and there must consequently be a new trial limited to the issue of damages (cf. Banks v State of New York, 56 AD2d 972). Judgment modified, on the law and the facts, by reversing so much thereof as awarded claimant damages of $100,520 and a new trial limited to the issue of damages ordered, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.