■ EDWARD J. ZEITLIN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59819.)—Appeal from a judgment in favor of claimant, entered November 29, 1976, upon a decision of the Court of Claims. Claimant was the owner of a generally oblong parcel of property with substantial frontage (433 feet) on the easterly side of Route 22, a State highway, in the Town of Lewisboro, Westchester County. An automobile dealership, Estate Motors, Inc., was located on the southerly portion of the property. There was an old dilapidated one and one-half story frame house located on the northerly portion of the property which was unused except for personal storage by the claimant. This house was not used in any way by the automobile dealership. The State appropriated a narrow strip of land from the northerly portion of the property consisting of 325 feet of frontage on Route 22 with a maximum depth of 32 feet. Included within the appropriated property was the one and one-half story house. The Court of Claims found that the highest and best use of the property both before and after the appropriation was as an automobile dealership. The court awarded claimant direct damages of

$7,500 for the taking of claimant's land, and $3,500 for the taking of the one and one-half story house located on that land. Although the court rejected a claim for consequential damages based upon a change in grade and access, it proceeded to award claimant consequential damages in the amount of $7,625 for the effect of the appropriation on the marketability and tenantability of the subject property. On the appeal the State principally argues that the court erred in awarding claimant $3,500 for the obsolete and dilapidated residence structure because it was not used in connection with the highest and best use of the property and in awarding $7,625 consequential damages for the effect on claimant's remaining property because there was an insufficient basis in the record to sustain such an award. The market value of appropriated property is to be calculated with reference to the highest and best use of that property (*Keator v State of New York*, 23 NY2d 337; see, also, 4 Nichols, Eminent Domain [3d ed], § 12.314). Here, the dilapidated and unheated residence structure located on the appropriated property was certainly inconsistent with the highest and best use of claimant's property as a retail auto dealership in a commercially zoned area. No value, therefore, should have been assigned to this structure and the award of $3,500 direct damages therefor should be reversed (*Acme Theatres v State of New York*, 26 NY2d 385; *Van Kleeck v State of New York*, 18 NY2d 897). The court awarded $7,625, or 5% of the total before value of the property, for what were characterized as consequential damages flowing from the effect of the appropriation on the marketability and tenantability of the property. Since the court rejected the claimant's basis for alleging consequential damages, viz., that the damages flowed from the change in grade and access to the subject property, and since the State found no such damages, the award of $7,625 is not within the range of testimony (*Weiner v State of New York*, 48 AD2d 440). Nevertheless, the court correctly determined that there were additional damages, although these damages were improperly characterized by the court. Claimant should be awarded $5,900 as severance damages for the decrease in value of the remaining property as a result of the taking. Severance damages represent the diminution in the value of the remainder as a result of a partial taking (*Freres v State of New York*, 24 AD2d 661). Such damages were found by the State's appraiser, although they were not denominated as such, in his estimate that the after value of claimant's principal structure was decreased by $0.50 per square foot or $5,900. Even if the State's estimate cannot be regarded as creating a range of testimony, it is clear that it provides independent evidence on which an award could be based (*Rugar Bay Corp. v State of New York*, 54 AD2d 788; *Spyros v State of New York*, 25 AD2d 696). The court's award of damages for the effects of the taking should be modified by characterizing the award as one of severance damages and by reducing the amount to $5,900 (*Reynolds v State of New York*, 25 AD2d 466, affd 19 NY2d 654; *McNitt v State of New York*, 24 AD2d 544). Judgment modified, on the law and the facts, by reversing so much thereof as awarded $3,500 direct damages representing the value of the taken structure and by reducing the amount awarded as severance damages to $5,900, and, as so modified, affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.