■ LESTER KOMMIT, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [Claim No. 53618.)—Cross appeals from a judgment in favor of claimant, entered December 12, 1973, upon a decision of the Court of Claims. Claimant was the owner of a rectangular parcel of property containing 30,200+ square feet. The property had 151+ feet of frontage on Wolf Road in Colonie; it reached a depth of 200+ feet. Improvements consisted of a one-story Goodyear Auto Service Center in very good condition, a sign, 20,000 square feet of macadam pavement, 1,234 square feet of concrete aprons, seven area lights and underground wiring. The property was leased to the Goodyear Tire and Rubber Company for a 15-year term, expiring in 1980, plus two five-year options, at an annual rent of $20,000. The lease granted the tenant the right to terminate if the State should take land in excess of a depth of 20 feet. The State appropriated a 38-foot deep strip along the frontage, reducing building setback from 40+ feet to 2+feet. The taking consisted of 5,776 square feet of land and these improvements: 5,776 square feet of pavement, two area lights, a sign and underground wiring. The Court of Claims found the highest and best use, both before and after appropriation, to be an auto service center. The court valued the land before the taking at $116,270, and the building and improvements at $105,100, for a total before value of $221,370. The court, using the income approach, based its valuation of improvements on an economic rent of $2.50 per square foot, rejecting the contract rent of $2.63 per square foot. The court adopted the State's 8% capitalization rate to compute the return on the land, rejecting claimant's 7% figure. The court set the after value of the land at $85,500 and improvements at $92,800, for a total value of $178,300. The court awarded $43,000 in damages, with interest in the amount of $8,306.17. Claimant accepts most of the court's calculations, but assigns error on four points. Claimant contends that the Court of Claims wrongfully rejected contract rent to determine the before value of the building, that it should have used a 7% capitalization rate, that the court failed to award damages for taking of underground wiring and it failed to award damages for relocation of the Goodyear sign. The State cross-appealed, but apparently has abandoned its appeal since it argues only for an affirmance. Claimant argues that the Court of Claims erred in valuing the structure on the subject property, by way of income approach, at $2.50 per square foot, rather than adopting the lease figure of $2.63. While actual rent may be the best indicator of value, it is merely a factor to be considered in determining rental value, and another figure may be adopted if the actual rent is shown to be too high or too low *(Motsiff v State of New York,* 32 AD2d 729, affd 26 NY2d 692; *Matter of City of New York [Madison Houses],* 17 AD2d 317, 320-321). In the instant case, the State's appraiser determined that the contract rent was significantly above market value, and offered three comparable leases to support his position. He opined that the contract rent was inflated to reflect anticipated development in the vicinity. The Court of Claims did not accept the State's figure, but did adjust contract rent downward to reflect its true value. We are reluctant to tamper with the court's figure since it is well within the range of testimony and amply supported by the

evidence *(Rugar Bay Corp. v State of New York,* 54 AD2d 788; *Rozen v State of New York,* 52 AD2d 697). Similarly, with respect to the 8% capitalization rate adopted by the court, it is supported by the record and we will not disturb it. What rate of capitalization should be used is a factual question *(Diocese of Buffalo v State of New York,* 18 NY2d 41, 47; *Kurnick v State of New York,* 54 AD2d 1098), which the court properly resolved. The record does not dictate that either the State's or claimant's figure be used and the court's figure is certainly reasonable. Next, claimant contends it should be awarded $3,400 for relocation of underground wiring. The State objects to any award since claimant failed to include the item in his appraisal report. The rules of practice of the Court of Claims bar proof on any matter not contained in the appraisal reports, but do allow proof of matters "reasonably and properly contained in bills of particulars" (22 NYCRR 1200.27 [e] [1]). The State's appraiser included the wire relocation as an item of damages in his appraisal report and the claimant listed it in his bill of particulars. While ordinarily the omission would be fatal, here the State cannot be prejudiced since it determined the item was compensable and since it had notice of the claim by way of the bill of particulars. Accordingly, the appraisal report is deemed amended to include a claim for $3,400 for relocation of wire, and the award is similarly amended to include this item. Finally, claimant contends he was not compensated for relocation of the Goodyear sign. Claimant's award includes $4,000 for the taking of the sign, but he now seeks additional damages for relocating the sign. Claimant is not entitled to such a double award. The award adequately covers relocation expenses since claimant retained possession of the sign. Rather than awarding indirect damages for relocating the sign, the Court of Claims awarded direct damages for its taking. Claimant is entitled to nothing more. Judgment modified, on the law and the facts, by increasing the award to $46,400, plus interest, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.