■ CLARENCE J. ZITTEL et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 57525.)—Judgment unanimously affirmed, with costs. Memorandum: Respondents own and operate a dairy farm at the junction of the Towns of Hamburg, Orchard Park and Boston, which consists of two single-family residences, a large dairy barn, milk houses, silos and other farm structures situated upon 225 acres, 62 of which are located west of Route 219 and the balance between Route 219 and Abbott Road. Appellant appropriated approximately 44 acres in fee for a nonaccess highway, which bisected the portion of the farm between Route 219 and Abbott Road, landlocking 13 acres and severing direct access to 52 acres, which now front only Abbott Road. The trial court found that the highest and best use of the subject parcel both before and after the appropriation was as an operating dairy farm, except for the 13 landlocked acres and the 52 severed acres which had a highest and best use of sale or rent to a neighboring farmer as tillable land after the appropriation. Unable to reach a decision on the basis of the evidence originally presented, the trial court rejected all evidence of the value of the property before appropriation as either inadequate to support a determination of value or inconsistent with the court's finding of highest and best use, and ordered that the trial be reopened so that supplementary appraisals could be filed by the parties. Thereafter it struck the testimony of respondents' second appraiser concerning the before taking value of the property which he based upon a use inconsistent with the court's finding. The State appraiser found without exception that the highest and best use after appropriation was as an operating dairy farm. He applied a 38% consequential damage factor to the farm buildings but allocated no consequential damage to the supporting land or other remaining land units used for the dairy farm operation. The appellant does not challenge the before taking value of the property, but seeks a reduction in the award of consequential damages. It claims that since the experts differed as to the highest and best use of the property, there was no range of testimony to support the trial court's deviation from opinion of appellant's expert on consequential damages, and that the evaluation was based on the subjective opinion of the trial court and was unsupported by the evidence. The trial court found that the taking reduced the total area suitable and usable for operating dairy farm purposes by 61%, the tillable land by 60% and the pasture land by 86%. It pointed out errors in the appellant's appraisal where the effect of the taking was either not considered or minimized. The court found that the reduction in the cow-carrying capacity of the farm was at least three times that estimated by the appellant; that

the State's appraiser gave insufficient weight to the effect of the loss of contiguous pasture land which, in fact, was nearly eliminated by the appropriation; that the Abbott Road acreage was totally unsuitable because of its inaccessibility for dairy farm purposes; that it was necessary to use part of the remaining tillable land as pasture; and that traffic on Route 219 prohibited practical access to the west 62 acres for pasture purposes. The court considered these factors, the testimony of the appraisers, and relied upon State comparable sales (one of which was used by claimants' appraiser) which the court felt supported a finding of value and consequential damages. The court analyzed and adjusted the market data associated with these sales by percentage for time increment, cow-carrying capacity, topographical and access differences to determine an after value of the property and to compute a 50% consequential damage factor. The court properly calculated a consequential damage percentage on the basis of damage to the subject property, rather than using the appellant's method of calculating damage to the entire dairy farm operation which included the use of lands other than the subject's property. The trial court found that the factors constituting the basis for consequential damages to the farm structures also form the basis for consequential damage to the remaining pasture and tillable lands and that these factors severely damaged the entire farm operation and rendered the farm-oriented structures and supporting land far less valuable. It concluded that where the utility of structural improvements is adversely affected by the taking, there is an over-all adverse effect upon the utility of the farm and the underlying land used for the same purpose. It, therefore, applied the same consequential factor of 50% to the underlying property, properly utilizing the principle enunciated in *Brooks v State of New York* (37 NY2d 849), contrary to the contention of appellant. The trial court disagreed with appellant's "naked" conclusion that the severed 52-acre Abbott Road parcel sustained indirect damage of only 25%. It found a 58% consequential damage factor based on the diminution in value of comparable property used in appellant's original appraisal report to measure the damage to landlocked property caused by loss of access. The trial court pointed out that although the Abbott Road parcel was not legally landlocked it was no longer suitable for respondent's farming purposes. A comparison to landlocked residential property accurately measures the diminution of the Abbott Road parcel because of the loss of direct access and continuity to the remainder of the dairy farm. Furthermore, the highest and best use of this property is only for sale or rental to adjacent properties. The court rejected the conclusion of the appellant that the 13-acre landlocked parcel sustained a diminution in value of 50% and valued the property much lower at $55 per acre based upon two comparable sales submitted in respondent's supplemental appraisal report as adjusted by the court. Here no range of expert testimony exists because of the divergent opinions of the appraisers as to the highest and best use of the property after appropriation *(Roffle v State of New York,* 40 AD2d 575). An award made by the court in excess of the value fixed by appellant's supplementary report may be sustained because other evidence in the record supports the award and the trial court explained the manner in which the valuation was reached *(Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 433; *Brody v State of New York,* 54 AD2d 1100; *Leonard v State of New York,* 33 AD2d 711). The court viewed the property and relied upon data and elements from the original and supplementary appraisal reports and testimony. Its explanation was not colored by subjective judgment but was supported by the record (see *Brody v State of New York, supra).* There was ample evidence to

support the award of consequential damages found by the trial court and its deviation from appellant's expert opinion as to consequential damages. The court's findings were specific as to the various amounts and categories of damages, and were sufficient. (See *Soule v State of New York,* 35 AD2d 890). (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.