■ In the Matter of the Acquisition of Real Property by the CITY OF ALBANY, Appellant-Respondent. ADDIE JOHNSON, Also Known as A. D. JOHNSON, Respondent-Appellant.—Casey, J. Cross appeals from an order and judgment of the Supreme Court (Brown, J.), entered October 31, 1986 in Albany County, which, in a proceeding pursuant to EDPL 402, determined the compensation due claimant as a result of petitioner's acquisition of real property.

In this proceeding pursuant to EDPL article 5, claimant seeks just compensation arising from the acquisition by the City of Albany of claimant's real property under EDPL 402. Both parties appeal from the order and judgment entered by Supreme Court following a nonjury trial. We affirm.

Claimant's property consists of a parcel of land improved by a three-story, three-family building and a two-car garage. The three apartments have been rented by claimant since he acquired the property in 1950. Utilizing the capitalization of income method, claimant's expert concluded that the property had a value of approximately $73,000. On cross-examination this expert conceded that he had made certain mathematical errors and he revised his valuation to $48,500. The city's appraiser, utilizing three methods of valuation (market data approach, capitalization of income approach and the replacement cost approach), valued the property at $19,900. Supreme Court concluded that the capitalization of income approach was the appropriate method for valuing claimant's rental property, and based upon its own calculation, determined the fair market value to be $45,500.

The city contends that Supreme Court erred in using the capitalization of income method to value claimant's property since fair market value is generally determined by reference to the sales price of similar parcels in the area *(see, Matter of*

*City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, 148). "However, where there is no reliable market data, other methods are available such as the capitalization of income method which is utilized in valuing rental property" *(Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236, 240). In fact, "[t]he income capitalization approach is generally regarded as the preferred method for determining the value of income-producing property" *(41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 331). In the case at bar, the property was income-producing rental property and Supreme Court expressly found no comparable sales upon which to base the market data approach, a finding supported by the record. Supreme Court's use of the capitalization of income method of valuation was, therefore, proper.

Since the income capitalization method can be effective only with thorough data, including accurate actual income *(see, supra),* the city contends that Supreme Court erred in using a gross annual rental figure of $9,000 when the actual annual rental figure for claimant's three apartments was just over $6,000. Actual rents often provide the best indicator of fair market rental, but where the actual rents are shown to be too high or too low, another figure may be adopted *(Kommit v State of New York,* 60 AD2d 945; *see, Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538, 543). The rents received by claimant herein were fixed by the Department of Social Services since the tenants were welfare recipients, and claimant's expert testified that, based upon his survey of rental property in the area where claimant's property was located, the actual rents received by claimant were too low. This expert testified that he looked for and found several apartments in the same area of approximately the same size and in the same general condition as the subject property. Based upon the rentals from these apartments, the expert offered his opinion as to the economic rent or fair market rent for claimant's apartments. Since the figure adopted by Supreme Court was reasonable and within the range of the evidence, there is no basis for disturbing the award *(see, Kommit v State of New York, supra).* The city argues that the comparable rentals presented by claimant's expert were not in fact comparable and that, therefore, without adequate adjustments and explanations, the evidence should have been rejected. As noted above, however, the expert selected the comparable rentals due to their substantial similarity to the subject property in terms of location, size and condition. Accordingly, there was ample proof from which

Supreme Court could conclude that the rentals were comparable.

The city's argument that Supreme Court erred in finding that the garage located on the subject property had a fair market rental value of $40 per month is also rejected. There was proof in the record that the garage could be used for storage and that $40 per month was a reasonable rental figure.

Claimant argues that Supreme Court erred in refusing to permit claimant to recall his expert for the purpose of clarifying certain errors and/or miscalculations by the expert. Viewing the record as a whole, and considering that it was a nonjury trial, we find no basis for reversing and ordering a new trial.

Order and judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.