■ NATURE CONSERVANCY, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50389.) — Cross appeals from a judgment in favor of claimant, entered December 7, 1971, upon a decision of the Court of Claims. Claimant, a nonprofit corporation, owned a tract of land in the Town of Bedford, Westchester County, consisting of 305.737 acres which was used as a wild life conservation sanctuary. The State appropriated 9.033 acres along the easterly boundary of these premises for the purpose of constructing Interstate 484. Since this appropriation would deny access to the remaining property, a bridge was constructed across the interstate to prevent landlocking that area. Claimant's appraiser testified the highest and best use of the property was as a potential residential subdivision, with an alternative use as a nature sanctuary. Using the market data method he estimated the before value at $521,000 and the after value at $400,500, allocating damages at $2,500 for improvements taken, $29,500 for direct taking and $88,500 as consequential damages, for a total of $120,500. The State's appraiser testified the property's highest and best use was its present use as a sanctuary. Using the same method to determine value, he placed the before value as $330,400 and the after value at $319,650 with direct damages to improvements at $400, with total damages of $10,750. He found no consequential damages. The court found a before value of $440,800, which included $1,500 for improvements, and an after value of $400,500, allocating $13,100 direct damages to land, $1,500 to the improvements and $29,700 for consequential damages, for a total award of $44,300. It also adopted claimant's view as to the highest and best use. The award cannot stand and a new trial must be held for the following reasons. First, since the two appraisers have testified to different highest and best uses, there is no range of testimony upon which the court could fix a before value. There is no other evidence in the record to explain how the court arrived at its determination in an amount less than that of claimant's, whose highest and best use it adopted (*Stiriz* v. *State of New York*, 26 A D 2d 964). Secondly, the award of consequential damages is based upon a conclusory opinion of claimant's expert without any analysis of comparable market factors to sustain it. This is improper and entitled to no weight (*Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41; *Morio* v. *State of New York*, 34 A D 2d 845; *Fleetwood Maple Corp.* v. *State of New York*, 28 A D 2d 1026). Furthermore, the court, in arriving at a per acre value for consequential damages below the figure testified to by claimant's expert, did not explain its determination upon any evidence in the record. Thirdly, the State's appraiser based its determination of highest and best use upon the erroneous assumption that claimant could not dispose of its property as it wished. His opinion as to lack of consequential damages was then founded upon the view that since the property was for public use, any consequential loss would be suffered only by the public. This concept is without merit and merely extends the problem of attempting to measure loss to a nature sanctuary without proof of ecological damage, if

such damage is capable of proof. Lastly, the finding of alternate highest and best use results in an inconsistency which intermingles proof of damages of two uses that are not interchangeable. A subdivision of the sanctuary would destroy its use, and any consequential damages would not be solely a result of the highway constructions (*Dreyfus* v. *State of New York*, 37 A D 2d 1032). Accordingly, a new trial is required. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur. [67 Misc 2d 1014.]