■ ELMORE REALTY, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53690.) — Cross appeals from a judgment in favor of claimant, entered March 29, 1973, upon a decision of the Court of Claims. On December 11, 1970, the State, pursuant to section 30 of the Highway Law, appropriated 34.2 acres of claimant's land in the City of Oneonta. This property consisted of 3.895 acres improved with buildings used in conjunction with a feed mill operation; 29.714 acres which lie along a millrace in both directions from the mill; and a .919-acre parking area. At trial, claimant's real estate appraiser testified to a highest and best use as a regional feed mill and valued the property at $1,000,000. The State's appraiser rejected this conclusion and found the highest and best use to be for a commercial purpose such as a shopping center. He, therefore, recommended that the millrace be filled and that the buildings be demolished, and valued the property at $169,800. The trial court ultimately agreed with the claimant's expert as to the highest and best use for the property and found the damages to amount to $450,000. On appeal, the State contends that the court's finding as to highest and best use was premised " purely on the naked conjecture of claimant's witnesses " and contrary to the evidence. We cannot agree. While it was established that the mill operated at a loss during the 1962–1965 period and otherwise had had a difficult time economically and reduced its operations; there was also evidence that it continued to be functional until the date of appropriation and that the area could support a regional feed mill. Thus, there is substantial support for the court's conclusion which we should not disturb (*Dauernheim, Inc.* v. *State of New York*, 29 A D 2d 594). As to the court's determination of damages, however, we reach a different result. Since the opposing experts disagreed as to the subject property's highest and best use, there was no range of testimony upon which the court could base its award (*Nature Conservancy* v. *State of New York*, 41 A D 2d 782). Furthermore, there is no other evidence in the record explaining how the court arrived at a damage figure differing from that of claimant's whose highest and best use it adopted. Accordingly, the award cannot stand (*Stiriz* v. *State of New York*, 26 A D 2d 964). Judgment reversed, on the law and the facts, without costs, and a new trial, limited to

the issue of damages, ordered. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.