■ BERNARD N. DARROW et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 51190.) — Appeal from a judgment in favor of claimants, entered June 3, 1971, upon a decision of the Court of Claims. Claimants owned approximately 310 acres of land operated as a dairy farm in the Town of Root, County of Montgomery. On June 12, 1967, the State appropriated approximately 7.3 acres of land pursuant to section 30 of the Highway Law, thus dividing claimant's land into two separate sections. Expert witnesses for both sides agreed that the highest and best use of the property before the taking was as a dairy farm and the trial court so found. Claimant's appraiser assigned a before value of $71,627.50 for the parcel and the State's appraiser valued it at $28,000. Thus, the trial court's determination of a before value of $47,543 is within the range of testimony and supported by the record. However, the experts disagreed as to the highest and best use of the property after the taking. Claimant's appraiser found an after value of $25,050 as a rural residence with additional farmland; the State's appraiser opined that the highest and best use was unchanged after the taking and valued the property at $24,600. The trial court agreed with claimant's appraiser on the highest and best use after the taking but found an after value of $36,836. This finding cannot be sustained on this record. Where, as here, expert witnesses differ as to the highest and best use of the property after the taking, there is no range of after values and, in order to sustain the award, the found after value must

be sufficiently explained by the court and supported by the evidence (*Camp Bel-Aire* v. *State of New York*, 34 A D 2d 867; *Spyros* v. *State of New York*, 25 A D 2d 696). (See, also, *Nature Conservancy* v. *State of New York*, 41 A D 2d 782; *Stiriz* v. *State of New York*, 26 A D 2d 964.) The trial court assigned no reason for reaching a higher after value than the claimant, whose highest and best use it adopted, nor is such a reason apparent. The found after value is higher than any such figure in evidence (see *Milsap* v. *State of New York*, 32 A D 2d 586) and is unsupported by the record. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.