■ In the Matter of the Estate of AMANDUS WATTS, Deceased. LOUISE LIEBER, Appellant-Respondent; WILLIAM WELLS, as Administrator of the Estate of AMANDUS WATTS, Deceased, Appellant-Respondent.—Cross appeals from an order of the Surrogate's Court of Hamilton County, entered March 15, 1974, which made an award to claimant Lieber for services rendered decedent, fixed counsel fees and awarded costs. The claimant, Louise Lieber, sought reimbursement from the estate of Amandus Watts in the amount of $38,578.50 as wages for services rendered the decedent as a domestic and nurse. Upon the trial of the claim, the Surrogate's Court determined that claimant was entitled to be compensated for her services from June 1, 1955 to June 14, 1966 in the total amount of $16,995; that wages received by her during this period in the amount of $2,503.96 should be offset against said sum, leaving a net balance due and owing to the claimant from the estate of decedent in the amount of $14,491.24. Counsel fees in the amount of $1,500 were also awarded to claimant's attorney for his services on behalf of this claimant in a prior contested probate proceeding in this estate. Included in

the amount of costs awarded to claimant were costs in the amount of $785.50 in the original proceedings in the Surrogate's Court to determine this claimant's status as the common-law wife of the decedent, and an award of costs in the amount of $1,787.07 on appeal to this court from the determination of that status. We find on the record that claimant has met the burden of establishing that she rendered services to the decedent for the period and at the wages as found by the Surrogate, under an express agreement of employment, and that her total earnings from such employment were in the amount of $16,995. There was evidence to support the conclusion arrived at by the trier of the facts that the decedent's estate is entitled to offset the amount of $2,503.76 as wages paid to the claimant during the period in question, leaving a net balance due and owing to the claimant in the amount of $14,491.24. The award of counsel fees to claimant's attorney was properly made for services rendered by him in connection with the proceedings for the probate of the last will and testament of the decedent herein, which proceedings resulted in a denial of probate of the will. Claimant, as the unsuccessful party in prior proceedings to determine whether she was the common-law wife of decedent, was not entitled to counsel fees in those proceedings. (28 Carmody-Wait 2d, NY Practice, § 167.12, p 161.) We find that the award of counsel fees as made, in the amount of $1,500, is just and reasonable under the circumstances here. *(Matter of Snell,* 17 AD2d 490, 493.) Objection to the award of costs by the Surrogate in the original proceeding to determine claimant's status as the common-law wife of decedent, and on the appeal to this court from that determination, is well taken. Since claimant was not the petitioner, nor did she succeed in whole or in part, she was not entitled to costs in that proceeding before the Surrogate. (SCPA 2302, subd 2.) Similarly, since the judgment of this court in that proceeding in which costs were awarded to the claimant *(Matter of Watts,* 35 AD2d 877) was reversed by the Court of Appeals (31 NY2d 491), claimant lost any right to the costs awarded by this court. *(Matter of Goebel,* 272 App Div 146; *Matter of Schneider,* 198 Misc 1017, 1028.) The Surrogate is without power to award costs on appeal, a power vested exclusively in the appellate courts. (SCPA 2304, subd 1, par [b].) The award of "costs to all parties" by the Court of Appeals in its reversal of this court's decision means costs of that appeal then before the court, and not costs in every court in which the controversy has been heard. (24 Carmody-Wait 2d, NY Practice, § 148:204.) Order modified, on the law and the facts, by striking therefrom the costs awarded for the trial of the proceeding to determine claimant's status as decedent's common-law wife and on the appeal of the judgment therefrom, and, as so modified, affirmed, with costs to the claimant payable from the estate. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.