■ CAPRI HOTEL CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53698.)—Appeal from a judgment in favor of claimant, entered May 13, 1977, upon a decision of the Court of Claims. Claimant owned a 7.11-acre parcel of land southeast of the intersection formed by a northbound exit ramp of Interstate Route 87 and U. S. Route 11 in the Town of Champlain, Clinton County. Although the property was below the grade of both roads and was divided by a natural watercourse draining surface waters, certain improvements were erected on three portions leased from claimant. A gasoline service station and a duty-free liquor store were located on filled sites, while a diesel fuel sales area occupied more level terrain. Access to these facilities was supplied by a town road which extended into the premises from U. S. Route 11. In 1969 the State appropriated a .524-acre permanent drainage easement over the watercourse and it now appeals from the judgment subsequently entered in claimant's favor as

compensation therefor, maintaining that the Court of Claims erred in assessing damages. Since the improvements suffered only minimal consequences as a result of the taking, the principal issues which arose at trial concerned the extent and amount of damage sustained by the undeveloped remainder segments. The State's appraiser compared them with sales of allegedly similar raw acreage in arriving at his opinion, whereas claimant's expert adopted the income method of valuation and derived his conclusions from the rents actually received from the existing improvements. The trial court rejected the State's comparables, stating that they would require massive adjustments to reflect the superiority of claimant's location, and relied instead on two of the improvement rentals in making its award. In doing so, however, the court found it necessary to make huge adjustments to the indicated values obtained therefrom in order to account for the inferior topography of the remainder parcels. No explanation for the amount of such adjustments was provided and the record contains no evidentiary support that would justify it. Consequently, there was no range of acceptable expert testimony or other basis upon which the instant award could be founded and the judgment must be reversed with a direction for a new trial limited to the issue of damages (Matter of City of New York [A. & W. Realty Corp.], 1 NY2d 428; Elmore Realty v State of New York, 44 AD2d 621; Nature Conservancy v State of New York, 41 AD2d 782). Judgment reversed, on the law and the facts, without costs, and a new trial ordered limited to the issue of damages. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.