■ G. L. ROOT OIL, LTD., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 60743.)—Cross appeals from a judgment in favor of claimant, entered April 2, 1979, upon a decision of the Court of Claims. The claim sought compensation for the appropriation of a gasoline service station bounded by streets on all three of its triangular sides and located in the Village of Owego. The Court of Claims found, upon the evidence before it, that a portion of the garage structure and certain improvements were located upon State land prior to the appropriation. In spite of claimant's protestations, that finding is not against the weight of the evidence. The claimant's appraiser valued the appropriated parcel at $19,200 and the State's appraiser valued it at $8,750 before the appropriation.

The Court of Claims valued the property at $12,850 which is well within the range of the testimony. The claimant contends that the court erred because it did not adopt its calculation of fair rental value based on the number of gallons sold. The court's decision reveals that it relied upon all of the proffered evidence of value and considered the expert opinions. The unusual circumstances of a small parcel of land with encroachments existing on State land would certainly be a matter which a prospective purchaser would consider. Upon this record the court's determination of value is not without support and should not be disturbed. On the issue of consequential damages to a noncontiguous structure used for storage, the court duly explained why it did not accept the claimant's estimation of damages. The findings that the unity of use was not for a substantial portion of the premises and that the limited use of the premises was not in accordance with the highest and best use of the land are in accord with the evidence. Accordingly, the claimant's attempt to recover the full value of the structure has no support in the record. The award of $500 for consequential damages is reasonable on the record, and, therefore, the award of consequential damages should not be disturbed. Although the State has cross-appealed, it stated in its brief that it is not pursuing the cross appeal. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.