■ MORRIS F. KARKER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61928.) — Appeal from a judgment in favor of claimant, entered April 9, 1980, upon a decision of the Court of Claims (Hanifin, J.). On February 15, 1978 claimant owned and operated a stock farm consisting of approximately 135 acres located on the south side of New York Route 7 at its intersection with the Smith Road in the Town of Schoharie, Schoharie County, when the State appropriated approximately 26.15 acres of the farm in fee and a permanent easement of .110 acre. Following a trial on the resultant claim, the court awarded claimant the sum of $45,056, of which $19,452 was for direct

damages and $25,604 was for consequential damages. The State now appeals and challenges only the consequential damages award. We hold that the judgment of the Court of Claims should be affirmed. In so ruling, we find that the award of consequential damages is amply supported by the evidence and that the court did not err in awarding damages for the loss of claimant's spring-fed water system and also including loss of the water system in awarding consequential damages for claimant's barn. Consisting of several spring houses and a 1,650-foot galvanized iron pipe transmission line set in a four-foot underground trench, the spring system was, in effect, a land improvement and not like an ordinary spring which has no separate value, but only value in that it enhances the value of surrounding land. Moreover, the court also properly awarded consequential damages for the barn based upon the loss of the water system upon concluding that the cost of a new water system for the barn would exceed the consequential damages in question. In any event, the major component of the award for the barn was the loss of reasonable access from the barn to claimant's support land and not the loss of the water system. Similarly, evidence in the record supports the court's finding that claimant's land was worth less after the taking because of its remoteness from the barn and the apparent necessity of trucking livestock over heavily traveled Route 7 in order to reach claimant's pasture land. Under these circumstances, together with the court's view of the premises, the court could justifiably conclude that access to the land was unsuitable and not merely circuitous, and, therefore, compensability follows (cf. *Baan v State of New York,* 75 AD2d 919). Lastly, we find that the court adequately explained any departure by it from the range of expert testimony in its determination of the after value of the land (see *Milsap v State of New York,* 32 AD2d 586). As the court expressly noted in its decision, it followed the allocation of the taking by the State's appraiser quite closely, but found that the tillable acreage taken was somewhat more and the pasture and wooded land taken was somewhat less than that found by the State's appraiser. The court further emphasized that the segmentation of claimant's land caused by the taking resulted in greater consequential damages than that found by the State's appraiser. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.