■ In the Matter of CITY OF NEW YORK, Relative to Acquiring Title to Real Property, Duly Selected as a Site for the SOUTH BRONX NEIGHBORHOOD DEVELOPMENT PLAN (BRONXCHESTER-THIRD TAKING). TRUSTEES OF THE PROPERTY OF PENN CENTRAL TRANSPORTATION COMPANY, Appellants; CITY OF NEW YORK, Respondent. — Final decree in condemnation, Supreme Court, Bronx County (Bloustein, J.), entered December 10, 1980, insofar as it dismissed objections and awarded a lump-sum damage award of $1,015,000 for the parcels involved, unanimously reversed, on the law, and remanded for new trial, without costs. This is a condemnation proceeding involving five parcels of property in Bronx County owned by the Penn Central Transportation Co. (trustees in bankruptcy), condemned by the City of New York when Penn Central was in reorganization under section 77 of the Bankruptcy Act (US Code, tit 11, former § 205 *et seq.*). The property was under the jurisdiction of the Federal Bankruptcy Court, Eastern District of Pennsylvania, which granted permission to the city to condemn the parcels, subject to certain conditions (*Matter of Penn Cent. Transp. Co.* No. 70-347, Order No. 736). The record does not show these conditions to have been met. Having failed to comply with the Federal order conferring jurisdiction, jurisdiction was therefore defective and the application for condemnation must be dismissed, without prejudice to renewal upon compliance with said order. Further, Special Term failed to support its decree with findings of fact and conclusions of law. EDPL 512 and CPLR 4213 (subd [b]) require that the decision of the court must state the facts it deems essential. Such statement may not be waived or dispensed with and is necesary to insure a proper adjudication in the trial court and an adequate review in the appellate court. (*Conklin v State of New York,* 22 AD2d 481, 482.) Concur — Murphy, P. J., Sullivan, Carro and Lupiano, JJ.

Kupferman, J., concurs in a memorandum as follows: There was substantial compliance with the conditions set by the Federal Bankruptcy Court, and with reference to the slight deviation there has been no prejudice shown nor any indication of dissatisfaction by the Bankruptcy Court. Accordingly, if that were the only area, I would affirm. However, I concur on the basis that Special Term failed to support its decree with findings of fact and conclusions of law.

■ NCR CORPORATION, Respondent, v ANDREW ROTONDI, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Martin Evans, J.), entered March 5, 1982, granting plaintiff's motion for a preliminary injunction to the extent of limiting defendant Rotondi's activities in soliciting all of plaintiff's present and potential customers, unanimously modified, on the law and the facts and in the exercise of discretion, by limiting the preliminary injunction to the present customers in defendant Rotondi's former territory and to the five agreed potential customers, and, as modified, affirmed, without costs. The restrictive covenant in the employment contract between plaintiff NCR Corporation and the defendant Rotondi is enforceable under the criteria set forth in *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.* (42 NY2d 496, 499). Moreover, plaintiff made a showing that it was entitled to a preliminary injunction to enforce that restrictive covenant. However, Special Term's preliminary injunction was overly broad insofar as it precluded defendant Rotondi from soliciting all present and potential customers of NCR without any geographic limitation. The preliminary injunction should be limited to those five present customers in the former territory of defendant Rotondi. Upon oral argument, the court was also informed that defendant Rotondi had five potential customers (excluding Hellenic Lines) in his former territory. The preliminary injunction will be limited to those five potential customers rather than all potential customers of the plaintiff. Settle order. Concur — Murphy, P. J., Kupferman, Ross, Markewich and Asch, JJ.