In the Matter of COUNTY OF NASSAU, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEW YORK, Appellant.

Third Department, January 6, 1983

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Vernon Stuart* and *Jeremiah Jochnowitz* of counsel), for appellant.

*Edward G. McCabe, County Attorney (Joshua A. Elkin* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

This dispute originated when petitioner challenged the tentative equalization rates for 1977 set by respondent for the various municipalities located within Nassau County. A proceeding challenging the final equalization rates ultimately set by respondent resulted in the annulment of those rates and a remittal to respondent following this court's determination that there was not substantial evi-

dence in the record to support the final equalization rates established by respondent (*Matter of County of Nassau v State Bd. of Equalization & Assessment of State of N. Y.*, 80 AD2d 9). The basis for this decision was our view that "respondent failed to incorporate into its determinations the findings of fact it relied upon in establishing the equalization rates in question" and that this failure foreclosed the possibility of fair judicial review (*supra*, at p 12).

Following remittal of this matter, respondent again met to promulgate the final 1977 equalization rates for the localities within Nassau County. Final rates were thereafter set in accordance with a new statement of "findings and determinations". The instant proceeding pursuant to article 7 of the Real Property Tax Law was then commenced by petitioner to challenge these new rates. Special Term granted the petition and annulled the equalization rates established by respondent after concluding that respondent had failed to comply with this court's order. Finding that "respondent has failed to submit any evidence or basis for the tentative equalization rate" and "has treated the tentative equalization rate as a given fact and has only supplied information with respect to complaints and changes to the tentative equalization rate", Special Term remanded the matter to respondent for the purpose of developing a proper record for review.

Respondent, in addition to appealing from the judgment of Special Term, moved before that court for leave to renew and reargue. The affidavit in support of this motion by an Assistant Attorney-General indicated that the actual data sheets utilized by respondent in arriving at the tentative equalization rates, which are voluminous and had not previously been made part of the record because they were not thought to be relevant, were being submitted to the court as the basis for the motion to renew. Special Term denied the motion and respondent has also appealed from that order.

Special Term correctly annulled respondent's determination in establishing the final equalization rates for 1977 since the record before it for judicial review was without legal difference from the record we held to be inadequate when the matter was previously before us. As noted by

Special Term, a final equalization rate is reached after specific objections are made to tentative rates and no meaningful review concerning the final rates may be had without substantial evidence supporting the establishment of the tentative rates.

Special Term was also technically correct when it denied respondent's motion for leave to reargue and renew its prior decision since there was no showing that the court had overlooked any material fact or law in its prior determination and the additional evidence offered had been available at the time of the original motion. However, literal adherence to procedural rules will not further the cause of justice in this matter since an affirmance of Special Term's order denying the motion for renewal* will merely result in a second remittal to respondent for further development of the record at which time respondent, now aware that it must provide substantial evidence to support both its tentative equalization rates and the changes made thereto leading to the establishment of final rates, will almost certainly submit the raw data which Special Term refused to consider on the motion to renew.

We will, therefore, in the interests of judicial economy, consider whether the additional evidence sought to be introduced into the record by respondent on its motion to renew, when coupled with the evidence already in the record, constitutes substantial evidence to support the 1977 equalization rates in question. In our view it does. Respondent has now provided detailed explanations of both the methodology used in calculating equalization rates in general and the specific property value figures utilized in determining the rates for the Nassau County municipalities involved in this proceeding. Due to the nature of what an equalization rate is and the practical considerations involved in its calculation, nothing more can be expected of respondent in this proceeding. Accordingly, respondent's determinations in this matter can now be confirmed because they are supported by substantial evidence.

The judgment should be affirmed, without costs.

---

* That portion of the order which denied the motion to reargue is not appealable (*Frankel v Frankel,* 67 AD2d 719).

The order should be modified, on the law and the facts, by reversing so much thereof as denied respondent's motion for leave to renew; the motion for leave to renew granted, the determinations confirmed, and the petition dismissed, without costs.

KANE, CASEY, MIKOLL and WEISS, JJ., concur.

Judgment affirmed, without costs.

Order modified, on the law and the facts, by reversing so much thereof as denied respondent's motion for leave to renew; motion for leave to renew granted, determinations confirmed, and petition dismissed, without costs.