■ VIC'S AUTOMOTIVE SERVICES, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62453.) — Appeal from a judgment in favor of claimant, entered November 18, 1981, upon a decision of the Court of Claims (Hanifin, J.). This claim arose due to the appropriation by the State of a six-foot strip of land along the frontage of claimant's property on Main Street in the City of Oneonta. A gasoline service station was operated on the property which included a single 16-foot concrete gasoline pump island. As a result of the taking, only six feet remained between the gasoline pump island and the public sidewalk constructed on the appropriated parcel. This reduced distance adversely affected the operation of the service station by impairing the access of vehicles to both the gasoline pumps and the service bays. The appraisers for both parties agreed that the highest and best use of claimant's property before the taking was as a gasoline service station and auto repair garage. While claimant's appraiser estimated the property's before-taking value of $56,000, the trial court accepted the before value of $54,100 found by the State's appraiser. With regard to the property's value after the taking, the State's appraiser found that the highest and best use of the property continued to be as a gasoline service station and auto repair garage and estimated the value as $42,400. Claimant's appraiser, however, placed an after-taking value of $33,500 on the property after concluding that the highest and best use of the property had changed to general commercial use. The trial court agreed with the State's appraiser that the highest and best use continued to be as a gasoline service station and auto repair garage after the appropriation. It placed a value of $32,600 on claimant's property after the taking and awarded claimant $21,500 in damages (i.e., $54,100 minus $32,600). This appeal by the State ensued. Of the $21,500 awarded in damages to claimant by the trial court, the sum of $1,550 was allocated as direct damages and $19,950 as consequential damages. The State argues on this appeal that it was error for the trial court, having agreed with the State's appraiser that the property's highest and best use continued to be a gasoline service station and auto repair garage, to have awarded consequential damages in excess of those found by its appraiser. Since the State's appraiser found claimant's total damages to be $11,700 and allocated $10,000 of that amount to consequential damages, the State seeks to have the total damage figure awarded by the trial court reduced by $9,950 to reflect that lower figure. It is well settled that in those situations where each party's appraiser finds a different highest and best use for a particular parcel, there is no range of values as to that component and the trial court must accept the value found by the appraiser whose highest and best use is accepted or else adequately explain its failure to do so (*1250 Central Park Ave. v State of New York,* 58 AD2d 688; *Darrow v State of New York,* 44 AD2d 625; *Elmore Realty v State of New York,* 44 AD2d 621; *Nature Conservancy v State of New York,* 41 AD2d 782). In the instant case the trial court, after agreeing with the opinion of the State's appraiser regarding the property's highest and best use after the taking, stated "[o]therwise, the Court generally concurs with the claimant's appraiser's assessment of the degree of damages sustained as a result of the appropriation". This explanation of why the trial court was not adopting the after-taking value found by the State's appraiser was inadequate. The value after the taking found by claimant's appraiser was based on sales of gas stations to buyers who converted the properties to general commercial uses. The premise behind this methodology, i.e., that claimant's property did not have a highest and best use after the taking as a gasoline service station and auto repair garage, had already been rejected by the trial

court. Accordingly, the total damages awarded of $21,500 cannot stand. Although the State urges this court to modify the trial court's judgment by reducing it to reflect the consequential damages award found by its appraiser, we decline to do so. The failure of the trial court to properly particularize its reasons for failing to adopt the after-taking values found by the State's appraiser does not necessarily mean that adequate reasons for such a deviation do not exist. Accordingly, we direct that a new trial be held limited solely to the issue of consequential damages (see *Weiner v State of New York*, 48 AD2d 440). Judgment modified, on the law and the facts, by reversing so much thereof as awarded claimant $19,950 in consequential damages, and a new trial limited to the issue of consequential damages to claimant's property ordered, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.