■ JOSEPH NUNES et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 62380.) — Appeal (1) from an order of the Court of Claims (Hanifin, J.), entered November 19, 1981, which granted the State's motion and dismissed the claim and denied claimants' cross motion for a new trial, and (2) from a judgment of said court, entered December 3, 1981, which awarded the State the sum of $118, with interest. Claimants were the owners of 82.489 acres of land with a residence and outbuildings located thereon situate on the south side of New York State Route 7 at the easterly end of the Village of Richmondville, Schoharie County. The property's northern boundary consisted of 1,817 feet of frontage on the south side of Routes 7 and 10 (hereinafter Route 7) and 1,839 feet of frontage on Ploss Road, its southerly boundary. Access to the property is along Brooker Road at its easterly boundary line about 400 feet south of Route 7. To the west lies the Village of Richmondville with about 15 acres of land being within the corporate limits of the village, where water and sewer facilities would be available if existing lines were extended some 800 feet. On June 29, 1978, the State of New York appropriated 28.638 acres of the land, approximately 12 acres being within the village for the construction of a Federally financed highway which included relocation and construction of an intersection for Routes 7 and 10 at the westerly end of the property. This resulted in the creation of a large canyon containing Route 10 as it led southerly from Route 7 along claimants' westerly property line. Also adversely affected was the entire frontage along Route 7 as there was an increase in its slope to the west of some 14 feet. Prior to the appropriation, and on January 5, 1978, an advance payment of $25,250 was made to claimants by the State. This payment was based on an appraisal (hereinafter referred to as the Pomeroy appraisal) used by the State in obtaining Federal funds to construct the highway. Prior to trial, claimants moved to require the State to produce the Pomeroy appraisal for use at trial, either for impeachment purposes or as an admission against interest. Citing, among other cases, *Barnes v State of New York* (67 AD2d 1065), the court granted the motion and an order was duly entered and claimants were provided with a copy of that appraisal for use at trial. It is reproduced in its entirety in the record on appeal. However, its consideration, or lack thereof by the Court of Claims, is one of the troublesome issues on this appeal. In its decision, the Court of Claims found a before value of claimants' property in the sum of $88,642, and an after value of $63,510, with damages in the sum of $25,132, allocated as direct damages of $20,047, and consequential damages of $5,085. The total before value was arrived at by fixing specific amounts for the residence, with three acres of land assigned as the homesite, with other amounts for improvements, garage, and outbuildings, and the sum of $700 per acre for the entire 79.489 acres of remaining land with a highest and best use determined to be for recreational purposes as found by the State's appraiser. The after value was obtained by using the same amounts for all items except the remaining land after the taking, which was found to be 50.851 acres with an after value at $600 per acre and subject to the same highest and best use. Thus the difference in land value alone accounts for the

amount of the award, allocated as direct damages of $700 per acre, the taking, i.e., 28.638 acres, and consequential damages of $100 per acre to the remaining 50.851 acres. The resulting award was $118 less than the amount of the advance payment. After the Court of Claims rendered its decision, the State moved for an order dismissing the claim. Claimants cross-moved, *inter alia*, for an order vacating the court's decision on the basis of the court's failure to consider the Pomeroy appraisal. In an order entered November 18, 1981, the Court of Claims granted the State's motion and denied claimants' cross motion. Claimants appeal from this order and from the judgment entered December 3, 1981 which awarded the State the sum of $118, with interest. In our view, it was error not to grant claimants' cross motion. In affidavits submitted by both parties respecting claimants' cross motion, it conclusively appears that at trial claimants' counsel entered into the record the amount of damages fixed in the Pomeroy appraisal. The Court of Claims, however, did not consider this information in making its award. Moreover, a review of the Pomeroy appraisal submitted to the court upon the cross motion reveals that the appraisal contains significant evidence of value affecting the determination. The Pomeroy appraisal is of particular relevance because its opinion of the highest and best use of the premises before and after the taking more closely approximates that of claimants' appraiser and both of these appraisals were made prior to construction, while the State's appraiser viewed the premises several months after the taking and a considerable time after construction was commenced. Accordingly, in the interests of justice, we find it was error for the Court of Claims not to have vacated its decision in order to consider the Pomeroy appraisal in its entirety. Further, in the interests of judicial economy, and since the only error requiring our intervention involves the amount of damages founded upon consideration of highest and best use, we may modify the award without remand (see *Matter of County of Nassau v State Bd. of Equalization & Assessment,* 91 AD2d 53; see, also, *Conklin v State of New York,* 22 AD2d 481). In our view, the State's appraiser's opinion that the highest and best use of the entire property was as recreational land must be rejected. It is not supported by the record, when consideration is given to the Pomeroy appraisal and claimants' appraisal, both of which found the highest and best use of the property within the village limits to be for development purposes. Moreover, the highest and best use of the remaining land, as opined in the Pomeroy appraisal, presents a more realistic approach than that set forth in the State's appraisal which was founded upon observations made after the commencement of construction. Therefore, accepting the Court of Claims before value of the land within the town and assigning a value of $1,700 per acre for land within the village, an amount within the range of values in claimants' and the Pomeroy appraisals, we arrive at a before value of acreage alone of $70,650. An after value is arrived at by assigning to the remaining three acres of land within the village, now virtually landlocked by the deep canyon created by Route 10, the sum of $500 per acre, and the same amount to the remaining 47.851 acres of town land, making a total after value for the land only of $25,500, or damages in the sum of $45,150.* We agree with the

---

|  | * Before Value |  |  |
| --- | --- | --- | --- |
| Village land | 15 acres at $1,700 |  | $25,500 |
| Town land | 64.489 acres at $700 |  | 45,150(R) |
|  |  | Total | $70,650 |
|  | After Value |  |  |
| Village land | 3 acres at $500 |  | $ 1,500 |
| Town land | 47,851 acres at $500 |  | 24,000(R) |
|  |  | Total | $25,500 |

Claimants have been damaged in the sum of $45,150 allocated as follows:

Court of Claims that there were consequential damages to the remainder. It should be noted that our only modification is to the values of the land, exclusive of the three acres assigned to the homesite, based upon the highest and best use as found in the Pomeroy appraisal, which was the basis of the advance payment made herein. The order appealed from should be reversed, and the judgment appealed from should be modified accordingly (*Rugar Bay Corp. v State of New York,* 54 AD2d 788). Order entered November 19, 1981 reversed, on the law and the facts, with costs, motion denied and cross motion granted to the extent that the court's decision is vacated; judgment entered December 3, 1981 modified, on the law and the facts, by awarding claimants the sum of $45,150 together with appropriate interest, and, as so modified, affirmed, with costs. Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.

Sweeney, J. P., dissents and votes to affirm in the following memorandum.

Sweeney, J. P. (dissenting).

I am unable to agree with the result reached by the majority and therefore dissent. The critical basis for the majority's conclusion is their reliance on the Pomeroy appraisal. Concededly, this appraisal was not received in evidence nor considered by the court. Significantly, claimants' attorney, in referring to this appraisal at the conclusion of the trial stated, in substance, that he was not offering it in evidence, but rather offering a figure contained therein as an admission against interest. Consequently, in my view, the court properly did not consider the Pomeroy appraisal. The majority's reliance on *Matter of County of Nassau v State Bd. of Equalization & Assessment* (91 AD2d 53) for authority to consider the appraisal is misplaced since the *Nassau* case is clearly factually distinguishable from the instant case. In *Nassau,* Special Term had remitted the matter to the State Board of Equalization and Assessment to develop a proper record for review. In other words, the court did not think there was a proper record to permit review. Furthermore, the additional evidence considered by this court would have been submitted in any event upon remittal. Such is not the situation here where the case comes to this court after trial on a record developed by experienced attorneys and a record which is sufficient for review. To permit claimant to supplement the record after trial with additional proof as the result of an afterthought, based on the authority of *Nassau,* can only lead to mischievous results. While the record at the conclusion of the trial lacked a range of value since the experts differed on the highest and best use of the property, the court did, from my examination of the record, sufficiently explain the reasons for its conclusions concerning value and such are supported by the evidence (*Darro v State of New York,* 44 AD2d 625). Consequently, there should be an affirmance.

| Direct Damages | | | |
|---|---|---|---|
| Development Land | 12 acres at $1,700 | | $20,400 |
| Hobby Farm Land | 16,683 acres at $700 | | 11,550 |
| | | Total | $31,950(R) |
| Consequential Damages | | | |
| Development Land | 3 acres at $1,200 | | $ 3,600 |
| Hobby Farm Land | 47,851 acres at $200 | | 9,600 |
| | | Total | $13,200(R) |