■ In the Matter of the Acquisition of Real Property by NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent. DONALD W. PERYEA et al., Respondents-Appellants.— Weiss, J. Cross appeals from a judgment of the Supreme Court at Trial Term (Dier, J.), entered October 5, 1984 in Essex County, which, in a proceeding pursuant to EDPL 402, determined the compensation due claimants as a result of petitioner's acquisition of real property.

The facts underlying this condemnation proceeding may be found in an earlier decision before this court *(Matter of*

*Niagara Mohawk Power Corp. v Peryea,* 102 AD2d 986). Prior to a nonjury trial, petitioner paid claimants $10,900 as an "advance payment towards this taking". The parties exchanged appraisal reports and claimants were permitted to file a "limited" addendum concerning certain ingress and egress ramifications of the taking *(supra).* At the trial, the experts for both parties utilized a market data approach of valuation, with petitioner's expert finding a before value of $596,775 and an after value of $585,865, while claimants' expert calculated a before value of $911,750 and an after value of $816,988. Thus, the assessed damages ranged from $10,900 to $94,762. In its decision, Trial Term awarded claimants the sum of $50,000 (less $10,900 previously paid), without elaborating on how the award was arrived at. Both petitioner and claimants have appealed.

Petitioner contends, and claimants do not seriously dispute, that Trial Term did not properly explain its determination that claimants were entitled to the $50,000 award of damages. In determining the compensation due, Trial Term was obligated to follow the requirements of CPLR 4213 (b), which provides in pertinent part that, "The decision of the court may be oral or in writing and shall state the facts it deems essential." *(See,* EDPL 512.) The statement of essential facts may not be waived or dispensed with since it is necessary to insure a proper adjudication in the trial court and adequate appellate review *(Matter of City of New York [South Bronx Neighborhood Dev. Plan],* 88 AD2d 537). In appropriation and condemnation cases, the trial court "should make its factual findings and underlying mathematical calculations as explicit as possible" *(Lord v State of New York,* 48 NY2d 711, 713).

Those facts which were set forth by Trial Term pertain only to the underlying taking, none of which were in dispute. On the issue of damages, Trial Term simply stated: "Upon review of the credible evidence submitted by the parties, including the testimony and reports of opposing appraisers, maps and correspondence, it is the opinion of this Court that [claimants] * * * are entitled to the sum of $50,000 less the amount already received". We find that this statement fails to satisfy the standard set forth in EDPL 512 and CPLR 4213 (b) and, accordingly, we must withhold decision and remit the matter to Trial Term for detailed findings as to how damages were calculated *(Novak & Co. v Facilities Dev. Corp.,* 109 AD2d 1013). Upon remittal, Trial Term should state (1) how the factual dispute between appraisers as to the highest and best use of the property was resolved by the court *(see, County of*

*Columbia v Ostrander,* 33 AD2d 973), (2) whether claimants are entitled to consequential damages and, if so, the basis in the record for such award and method of computation by the court, and (3) whether claimants are entitled to damages for loss of access.

Decision withheld, and matter remitted to Trial Term for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.