■ NATIONAL FUEL GAS SUPPLY CORPORATION, Respondent, v MARIE ANGER et al., Defendants, and F. THOMAS NORMAN, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Claimant seeks compensation for the value of gas and oil storage rights and natural gas reserves on his land which were acquired on October 27, 1982 by National Fuel Gas Supply Corporation pursuant to ECL 23-1303. After a trial on valuation, the court dismissed the claim, concluding that claimant had failed to demonstrate the existence of commercially recoverable gas. The sole fact found by the trial court was that six previous wells failed to produce economically recoverable gas and were plugged and abandoned. This fact standing alone is insufficient to support the court's decision because these wells were abandoned approximately 30 years prior to this taking and since that time gas recovery drilling techniques in Medina formation have radically changed. Further, no findings were made as to the value of the gas storage rights.

In appropriation and condemnation cases the trial court should make findings of fact as explicitly as possible *(Lord v State of New York,* 48 NY2d 711, 713). The court in its decision is required to state the essential facts (EDPL 512; CPLR 4213 [b]). This procedure "is necessary to insure a proper adjudication in the trial court and adequate appellate review" *(Matter of Niagara Mohawk Power Corp.,* 114 AD2d 542, 543). Here, the trial court has failed to provide sufficient findings of fact to permit adequate appellate review. Accordingly, we must withhold decision and remit this matter to

Trial Term for detailed findings of fact regarding the economic value, if any, of gas reserves and gas storage rights acquired by National Fuel Gas. Further, prior to issuing its decision the trial court shall afford the parties the opportunity to submit requests for findings of fact (CPLR 4213 [a]). (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—condemnation.) Present—Dillon, P. J., Doerr, Boomer, Balio and Lawton, JJ.