■ In the Matter of the Acquisition of Real Property by the TOWN OF COBLESKILL, Appellant. WILLIAM HAYMAN et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered June 3, 1988 in Schoharie County, which, in a proceeding pursuant to EDPL 402, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Claimants owned a 64.6-acre tract of land in petitioner, the Town of Cobleskill in Schoharie County, divided by a highway known as Mineral Springs Road. The 20-acre tract north of the highway included claimants' residence and other building improvements, while the 44.6-acre southern tract was vacant. On February 9, 1984, petitioner appropriated 13.664 wooded acres of the southern tract for purposes of expanding its existing sanitary landfill. The taking included a right-of-way leading across claimants' property to the landfill. Notably, the landfill abutted claimants' southern tract prior to the taking. Claimants timely filed a claim seeking $500,000 as damages for the appropriation (see, EDPL 503 [B]).

At the ensuing nonjury trial, the experts for both parties utilized a market data valuation analysis. Petitioner's appraiser, Leonard Berdan, testified that the property's highest and best use, both before and after the taking, was as a residence and hobby farm. Estimating a before value of $115,000 and an after value of $105,410, Berdan assessed direct damages at $9,590. He found no consequential loss. Claimants' appraiser, Raymond Murray, calculated a before value of $229,000 and an after value of $99,968, allocating $20,496 to direct damages and $109,436 to consequential loss. He also found that the taking eliminated the potential for residential development. Supreme Court ultimately found a highest and best use for the property as a "country home or residence with serviceable outbuildings, enhanced by excess lands", with an after-taking diminution in value related to the landfill

expansion.[1] The court fixed direct damages at $14,500 and consequential damages at $20,000, and awarded interest at the rate of 9% from February 9, 1984. Petitioner has appealed.

Petitioner primarily maintains that Supreme Court failed to adequately explain the basis for the damage award. In appropriation cases, the trial court must set forth the facts essential to its damage assessment (see, EDPL 512; CPLR 4213 [b]; Lord v State of New York, 48 NY2d 711, 713; Matter of Niagara Mohawk Power Corp. [Peryea], 114 AD2d 542, 543; Conklin v State of New York, 22 AD2d 481, 482-483). Our review of the court's decision confirms that this standard was not entirely satisfied.

We initially reject petitioner's argument that Murray's appraisal could not be utilized to establish a range of expert opinion because he failed to utilize sales which were comparable. The degree of comparability between sales is a matter within the province of the trial court, and we perceive no abuse of discretion in Supreme Court's use of claimants' appraisal (see, Matter of County of Broome [Miller Facilities Corp.], 133 AD2d 984, 986). Although petitioner claims otherwise, adjustments were made to account for differences relative to the sales offered as comparable (see, Latham Holding Co. v State of New York, 16 NY2d 41).

On the question of direct damages, Berdan viewed the parcel as a single economic unit and calculated a per acre value of $700. Murray, on the other hand, separated the parcel into four economic components and valued the wooded area appropriated at $1,500 per acre.[2] Supreme Court adopted Murray's component approach and based its award on $1,065 per acre. Although a precise mathematical calculation is lacking, the award is clearly within the range of expert opinion and entirely reasonable.

We reach a different conclusion with respect to the consequential damage award. We recognize that the expansion of a landfill into a previously wooded area may consequentially diminish the value of surrounding parcels (see, Williams v

---

1. Supreme Court actually issued two memorandum decisions, incorporating the initial October 16, 1987 decision into the final May 10, 1988 decision.

2. Murray's factoring in the potential for residential development in his valuation of the property before taking was clearly faulty, for no showing of a present subdivision potential was demonstrated (see, 51 NY Jur 2d, Eminent Domain, § 174, at 256). Notably, Supreme Court did not accept a subdivision enhancement factor. In any event, this defect did not affect the per acre value directly assigned to the wooded area taken.

*State of New York,* 90 AD2d 882, 883-884). The mere fact of expansion, however, does not result in a consequential loss *(see, Matter of Niagara Mohawk Power Corp. [Peryea],* 118 AD2d 891, 893; *Miller v State of New York,* 117 Misc 2d 444, 452). This is particularly true here, where claimants' southern tract abutted the landfill prior to the taking. "To recover, claimants were required to present a viable analysis of comparable market factors demonstrating an actual decrease in market value" *(Matter of Niagara Mohawk Power Corp. [Peryea], supra,* at 893; *see, Nature Conservancy v State of New York,* 41 AD2d 782). Claimants' appraiser concededly failed to perform any such market analysis, and premised his calculations on his own personal and professional opinion. Given this deficiency and the fact that petitioner's appraiser found no consequential loss, the $20,000 loss fixed by Supreme Court fell outside the range of expert testimony. Moreover, the court failed to explain its method of computation. The court's reference to "adverse market perception" is simply not founded on any evidentiary predicate. While we recognize that claimants failed to meet their burden of proving consequential loss *(see, Mil-Pine Plaza v State of New York,* 72 AD2d 460, 464), we find that a new trial limited to the issue of consequential damages is appropriate *(see, Mil-Pine Plaza v State of New York,* 48 AD2d 532; *Nature Conservancy v State of New York, supra).*

Finally, Supreme Court erred in not awarding interest at the statutory rate of 6% since claimants failed to demonstrate that a higher 9% rate was necessary to accord them just compensation *(see,* General Municipal Law § 3-a [2]; *Matter of City of New York [Brookfield Refrig. Corp.—Zoloto],* 58 NY2d 532, 537).

Judgment modified, on the law, without costs, by reversing so much thereof as awarded $20,000 in consequential damages and interest at a 9% rate; matter remitted to the Supreme Court for a new trial on the issue of consequential damages only; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.