■ NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent, v LIMELEDGE RECREATION CLUB, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: This is a condemnation proceeding seeking to value the direct and consequential damages resulting from petitioner's taking of an easement for construction of an electric transmission line over respondent's property. The property consists of approximately 95 acres of which approximately 55 acres is developed as a nine-hole golf course. The remaining acreage consists partially of wetlands. The weight of the evidence supports the trial court's finding that the highest and best use of the property before the taking was as a nine-hole golf course. The court adequately explained its refusal to accept petitioner's appraisal of the market value of the property before the taking *(see, Vic's Automotive Servs. v State of New York,* 91 AD2d 1115). Since petitioner's appraiser did not offer any market data concerning comparable sales subject to a similar taking, the appraiser's opinion was of little probative value *(see, Niagara Mohawk Power Corp. v Olin,* 138 AD2d 940, 941; *Matter of Niagara Mohawk Power Corp. [Peryea],* 118 AD2d 891, 893). Moreover, the sales that petitioner's appraiser used were inadequate because three were remote in time and two were distress sales. Accordingly, the matter must be remitted for further proof on direct as well as consequential damages and the court should make a new finding on the highest and best use of the property after the taking. (Appeals from order of Supreme Court, Onondaga County, Murphy, J.—modify decision.) Present—Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.